HENDRY, Judge.
The marriage between the appellant and appellee was dissolved upon the petition of the appellant wife. She was also awarded $25.00 per week rehabilitative alimony for a period of three months. The appel-lee was required to pay reasonable medical expenses for appellant for a period of three months and attorney fees in the sum of $450.00 for her attorney, plus costs.
The court stated in the final judgment that it would not make any ruling on the wife’s demand that the husband pay and be responsible for the wife’s unpaid medical bills incurred during their marriage. However, the court retained jurisdiction of the action to enter further orders as are proper.
Appellant contends that the trial court erred in awarding her only $25.00 per week rehabilitative alimony and medical care for only three months. She likewise seeks review of the award of attorney fees on the ground that the amount of the award was inadequate.
We have considered these contentions in the light of the record and controlling principles of law and have concluded that no reversible error has been demonstrated as to these contentions.
The appellant has also assigned as error the refusal of the trial judge to rule on whether she is entitled to an award from the husband for medical expenses incurred by her during the marriage. Both parties have argued the merits of the issue, presuming that the trial judge’s action was a denial of appellant’s claim for these expenses. We feel such arguments are premature at this time. The trial judge refused to act on this issue noting that the parties might be able to reach their own solu-tiqn in this regard. The court did, however, retain further jurisdiction of the cause. Tt is our opinion that this issue is not now properly before us. Until the trial judge has had the occasion to go to the merits of the issue and to take a decisive action on the matter, there is no action by the trial court that is the proper subject of our appellate scrutiny and we will not substantively determine the issue as a court of original jurisdiction. The retention of jurisdiction by the trial court would allow a decisive action upon the issue if the same is properly presented to it.
No reversible error having been demonstrated, the final judgment appealed from is hereby affirmed.
Affirmed.