BARKDULL, Chief Judge.
The appellant seeks review of an adverse final judgment entered by the trial judge, wherein she set aside a jury verdict for the appellant and entered a directed verdict for the appellees. The action in the trial court sought damages for negligence.
On February 8, 1969, the appellant was driving his Honda motorcycle north on Old Dixie Highway in South Dade County, in the right-hand lane. He was being followed by a pickup truck driven by appellee Guillermo Ramirez, and owned by the ap-pellee, Juan Ramirez, and insured by the appellee, Government Employees Insurance Company. As they approached 296th Street, the appellant moved to the right side of the road and Guillermo Ramirez closed the distance between them. About SO feet before the intersection, appellant moved to his left and was struck from the rear by the appellees’ vehicle, resulting in extensive injuries to the appellant including retrograde amnesia.
The instant suit was filed as a result of the accident, and the cause proceeded to jury trial on the issue of negligence and contributory negligence. At trial, the evidence [based on testimony and physical facts] appeared somewhat conflicting as to whether or not the appellant moved gradually to his left or turned suddenly and sharply in front of the appellees’ vehicle, thereby causing the accident.[1] The appel-lees’ motion for directed verdict at the close of the appellant’s case was denied. Ruling was reserved on the appellees’ motion for directed verdict made at the close of all the evidence. The jury returned a verdict for the appellant in the amount of $1,125,000.00. Thereafter, the appellees moved for a judgment in conformance with their motion for directed verdict and/or a new trial. After hearing thereon, the trial court entered the order appealed.
The appellant contends the trial court erred in entering the final judgment, on the ground that the evidence and inferences therefrom raised a jury question as to questions of negligence and contributory negligence and it amply supported the jury’s determination of those questions. The appellant feels the instant case is controlled in its entirety by Conda v. Plain, *6 Fla.1969, 222 So.2d 417, wherein the Supreme Court said:
>|j % * ‡ ifc
“Petitioner, plaintiff below, George Con-da II, a minor, suffered personal injuries, including a fractured skull when his motorbike was struck by an overtaking vehicle owned and operated by respondent, defendant below. The jury returned a verdict of $903.25 in favor of plaintiffs, but the trial court granted defendant’s motion for judgment notwithstanding the verdict. On appeal, the District Court affirmed, holding that the plaintiffs had not sustained the burden of proving any specific acts of negligence on the part of the defendant which caused the accident, and that un-refuted evidence in the record established that the minor plaintiff was con-tributorily negligent as a matter of law.
“In Gulle v. Boggs, supra [, Fla., 174 So. 2d 26], this Court held that the presumption of negligence arising from a rear-end collision, even though vanishing when rebutted, leaves permissible inferences which are for the jury.
“The minor plaintiff, Conda, due to his skull fracture was unable to recall the accident. The defendant’s testimony, largely supported by that of her mother-in-law and the other passenger in defendant’s car, was that she was traveling at 30 miles per hour going south in the southbound lane with the motorbike 2 blocks ahead of her; that she closed to within 2 car lengths of the motorbike which was on the right hand side of the southbound lane; that at this point, the minor plaintiff looked back at her, then to his front, and then the motorbike made a sharp turn to the left in front of her car; that she applied her brakes but was unable to avoid the collision. The mother-in-law testified that defendant closed to within 10 to 12 feet of the motorbike.
"Physical evidence of the collision, as testified to by Sgt. Miller of the Tampa Police Department, revealed that defendant’s vehicle came to rest in the center of the southbound lane of the highway and that 30 feet of skid marks extended backward from the wheels of the car. Sgt. Miller testified the motorbike came to rest partially under the front bumper of the car, said car being damaged on the right front. The bulk of the damage to the motorbike was in the left midway section with some damage to the rear.
“The jury was entitled to consider all the possible inferences arising from the evidence as outlined above and find defendant guilty of negligence and the minor plaintiff free of contributory negligence. In Nelson v. Ziegler [, Fla., 89 So.2d 780], we held:
“ ‘It is ordinarily the function of the jury to weigh and evaluate the evidence. This is particularly so in negligence cases where reasonable men often draw varied conclusions from the same evidence. In a case of this nature, unless the evidence as a whole with all reasonable deductions to be drawn therefrom, points to but one possible conclusion, the trial judge is not warranted in withdrawing the case from the jury and substituting his own evaluation of the weight of the evidence.’ ”
* * * * * *
I agree with the contention of the appellant and would set aside the final judgment entered on the reserved motion for directed verdict, and would return the matter to the trial court to appropriately consider the motion for new trial filed by the defendant, Guillermo Ramirez.
At the time the post trial motions came on for hearing, the defendant, Guillermo Ramirez, had a motion for new trial pending. At the time the trial court entered its order granting the reserved motion for directed verdict, it denied the motion for new trial obviously because of the granting *7 of the motion for directed verdict.[2] The appellee, Guillermo Ramirez, has filed a cross-assignment directed to this denial, but it is apparent in the record that the court did not rule on this motion on its merits and, therefore, because of the foregoing it is appropriate that the matter be returned to the trial court for initial determination of the validity of the motion for new trial.[3]
Reversed and remanded, with directions to enter a final judgment in accordance with the jury’s verdict without prejudice to the consideration of the motion for new trial filed by the defendant, Guillermo Ramirez.

. Of course, in determining the propriety of the ruling on the motion before us, all conflicts on the evidence and reasonable inferences therefrom are resolved in favor of the plaintiff in the trial court [the appellant here]. Paikin v. Beach Cabs, Inc., Fla.App.1966, 187 So.2d 93; Franklin v. Dade County, Fla.App.1970, 230 So.2d 730; Hurst v. Krinzman, Fla.App.1970, 237 So.2d 333; Miller v. Serrao, Fla.App.1972, 261 So. 2d 518.

. The trial court did not make an alternative ruling on the motion for new trial as she did in Cunningham v. Romano, Fla.App.1973, 278 So.2d 631, (opinion filed April 10, 1973; opinion on rehearing filed June 5, 1973).

. Kirchheiner v. Kirchheiner, Fla.App. 1973, 278 So.2d 639, (opinion filed June 5, 1973).