286 So.2d 241 (1973)
Richard KILBURN, Appellant,
v.
William DAVENPORT, Individually and As Employee, Owner, Manager, Franchisee and/or Agent; Kirby Company of South Florida, Appellee.
No. 73-188.
District Court of Appeal of Florida, Third District.
November 20, 1973.
Rehearing Denied December 20, 1973.
*242 Stanley Jay Bartel, Miami, Joe N. Unger, Miami Beach, for appellant.
Horton & Perse and Arnold Ginsberg, Ralph P. Ezzo, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, plaintiff in the trial court, seeks review of a directed verdict in favor of defendant-appellee, which followed a jury verdict for the plaintiff in an action for malicious prosecution.
The evidence, viewed in a light most favorable to the plaintiff upon a directed verdict against him, showed that plaintiff, Mr. Kilburn, was employed by defendant, Mr. Davenport, as a vacuum cleaner salesman. Kilburn was issued on consignment a demonstrator and one or more vacuums for sale and germicide and shampoo to use in demonstrations and for sale. He was also issued some steak knives to give prospective customers as a promotional gift, and some renovators and motor brushes. Kilburn admittedly was given lawful possession of these items. Subsequently, after having been given a managerial position by Davenport in his store, Kilburn allegedly had a dispute with his employer over two accounts and quit his job. Kilburn testified that Davenport became quite angry and warned, "Nobody leaves me." Thereafter, Davenport went to the state attorney's office, and a criminal complaint for petit larceny was issued against Kilburn. He was accused of stealing two renovators, *243 steak knives, germicide, shampoo, motor brushes and a puppy which Kilburn claimed was given to him by Davenport, allegedly for $25.00, and which Kilburn eventually left in a kennel and Davenport picked up. Kilburn was acquitted of the criminal charge, and he filed the instant action against Davenport for malicious prosecution. He alleged that the charges against him had caused him to spend some eight days in jail and to post bond, damaged his reputation and brought on loss of employment. Davenport interposed as a defense that he was immune from suit because his conversations with the state attorney were privileged and the prosecutor, rather than the defendant, had instigated the criminal action. Following trial, the jury returned a verdict of $15,000.00 in compensatory damages and $15,000.00 in punitive damages in favor of the plaintiff. The trial judge then granted defendant's motion of directed verdict at the close of all the evidence, which had been reserved.
Appellant argues that the trial court erred in granting a directed verdict for defendant in the face of a jury verdict for the plaintiff because (1) the essential elements of the tort of malicious prosecution were sufficiently proved, and (2) the defendant was not immune from suit because of the filing of criminal charges by the prosecuting attorney.
Appellee contends that the directed verdict was correct because the plaintiff failed to prove two essential elements of malicious prosecution: an absence of probable cause and an instigation of the prosecution by the defendant.
At the outset, we note that this cause comes to us upon a directed verdict following a jury verdict reaching an opposite conclusion. In this posture, we must view the evidence most favorably to the non-moving party, the plaintiff. As this court recently has restated, directed verdicts should be granted cautiously, "and only when the court, after viewing the evidence and testimony in a light most favorable to the non-moving party, concludes that the jury could not reasonably differ as to the existence of a material fact or material inference, and that the movant is entitled to judgment as a matter of law." Mathis v. Lambert, Fla.App. 1973, 274 So.2d 601.
We have carefully considered the record, briefs, and arguments of counsel, and have concluded that the trial court properly submitted the issues in this cause to the jury, and appellee has not shown sufficient grounds for disturbing the verdict.
The existence of probable cause is a mixed question of law and fact, and when the facts are in controversy, the issue necessarily must be submitted to the jury. Glass v. Parrish, Fla. 1951, 51 So.2d 717; Williams v. Confidential Credit Corporation, Fla.App. 1959, 114 So.2d 718. Likewise, the question of whether or not the defendant instigated the prosecution upon which this action is based was properly a jury issue. Zippy Mart, Inc. v. Mercer, Fla.App. 1970, 244 So.2d 522.
Appellee points out that he went to the state attorney only to determine his rights and to ask for an investigation of a given set of facts. He notes that the record is barren of any affidavit, complaint, or sworn statement indicating that Davenport instigated the criminal action. Indeed, appellee contends that since almost a year elapsed between appellee's initial inquiry and the filing of the larceny charge, the state attorney obviously conducted an independent investigation.
We agree with appellee that the jury might have found as a matter of fact that Davenport had not instigated the criminal action. However, there was also evidence presented that appellee was bitter about appellant quitting his job, and threatened, "Nobody leaves me." Clearly, the record demonstrates a conflict in the evidence precluding the entry of a directed verdict.
Appellee further argues that he is immune from suit due to his conversations *244 with the prosecutor and cites Widener v. Croft, Fla.App. 1966, 184 So.2d 444. We find this contention untenable. In the Widener case, the Fourth District Court of Appeal was concerned with a situation where the defendant in a malicious prosecution suit was asserting a privilege on behalf on another witness due to the witness' conversations with the prosecutor. Here, appellee is attempting to assert the privilege and immunity on his own behalf to entirely avoid liability for an alleged malicious prosecution. The general rule is that a defendant who seeks to avoid responsibility for a malicious prosecution due to the action of the prosecuting attorney must show that he made a full and fair disclosure of all the material facts in good faith and that he relied upon the prosecutor's judgment. Adler v. Segal, Fla.App. 1959, 108 So.2d 773; 52 Am.Jur.2d, Malicious Prosecution § 81.
Appellee has also requested a ruling, contingent upon reversal of the trial court, that this cause be remanded for consideration of a motion for a new trial which still is pending in the trial court. Florida RCP 1.481, 30 F.S.A., provides that a motion for a new trial may be joined alternatively with a reserved motion for a directed verdict. Our courts have recognized that a motion for a new trial is a matter for the sound exercise of broad judicial discretion by the trial court, and when a trial court has ruled upon a reserved motion for directed verdict, but not upon the motion for a new trial, upon reversal the appellate court should remand the cause for the trial court to rule upon the motion for a new trial. King v. Jacksonville Coach Company, Fla.App. 1960, 122 So.2d 480; McCloskey v. Louisville & Nashville Railroad Company, Fla.App. 1960, 122 So.2d 481; McQueen v. Atlantic Truck Service, Inc., Fla.App. 1968, 215 So.2d 325; Warriner v. Ramirez, Fla.App. 1973, 280 So.2d 4.
We feel constrained to add that the purpose of joining a motion for directed verdict with a motion for new trial is to expedite a cause by permitting the trial judge to rule on both the alternative motions, thus eliminating the need for a possible second appeal.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.