303 So.2d 338 (1974)
John DOLL and Grace Doll, Appellants,
v.
Alan ROBBINS et al., Appellees.
No. 73-1529.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied December 9, 1974.
Talburt, Kubicki & Bradley and Robert J. Dickman, Miami, for appellants.
Adams, George, Wood, Lee, Schulte & Thompson; Jeanne Heyward, Miami, for appellees.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Appellants, plaintiffs in the trial court, seek review of an order of final judgment granting a directed verdict in favor of the defendants at the close of the plaintiffs' case during jury trial.
The plaintiff, John Doll, was shot and injured in a shooting incident on the premises of a Seven-Eleven Food Store. He filed his complaint, alleged negligence and sought compensatory and punitive damages from Alan Robbins, Assistant Manager, Lawrence Garner, Clerk, and Southland Corporation d/b/a Seven-Eleven Food Stores.
The evidence showed that on the evening of February 11, 1971, plaintiff, John Doll, and his softball teammates were customers in the subject Seven-Eleven Store. A car with four men inside drove up to the store; two of them entered and defendant Garner, the clerk, observed one of them take a bottle of wine off the shelf, conceal it under his shirt and walk by the counter. When the men had left the store, Garner advised defendant, Robbins, Assistant Manager, of the shoplifting. Robbins and Garner then pursued the shoplifters outside the store. There is a conflict of testimony as to whether or not Robbins and Garner both had guns or whether either of them had a gun out at this point. One of the shoplifters relinquished a bottle of wine. The other claimed that he had not taken any. An affray broke out between the shoplifters, Robbins, and a member or member(s) of the softball team. Robbins, allegedly in fear of a race riot, pointed his gun and followed the shoplifters to their car, with gun in hand, to get their license number, whereupon they proceeded to drive away while firing their own guns. While the exact time is in dispute, a short *339 time later, they drove past again, firing shots at the Seven-Eleven store. There is another conflict in testimony as to whether plaintiff, Doll, was shot in the first or second round of shooting, but there is no question that it was one of the shoplifters who fired the bullet hitting him in the leg.
Plaintiff-appellants contend that the court erred in entry of the directed verdict at the end of the plaintiffs' case because there was sufficient evidence for a jury to determine that defendants were negligent in not using reasonable care to protect plaintiff, a business invitee. Appellants base this on the fact that there are instructions printed in the Seven-Eleven manual and verbally given to employees, with reference to procedures to follow regarding shoplifting, to-wit: no guns, no use of force, approach while still in store, call police. These procedures were not followed in the instant case. Robbins testified that he was never made aware of them.
The appellees contend that the directed verdict was correct because there was a break in causation in that the shoplifters drove away and then came back, ergo plaintiff's injury was not foreseeable and was not proximately caused by the acts of the Seven-Eleven employees.
At the outset, we acknowledge that we must view the evidence most favorable to the non-moving party, in this case the plaintiffs. Directed verdicts should be granted cautiously and only when the court, after viewing the evidence and testimony in a light most favorable to the non-moving party, concludes that the jury could not reasonably differ as to the existence of a material fact or material inference, and that the movant is entitled to judgment as a matter of law. Kilburn v. Davenport, Fla.App. 1973, 286 So.2d 241; Straham v. Aetna Casualty & Surety Company, Fla.App. 1973, 285 So.2d 679; Warriner v. Ramirez, Fla.App. 1973, 280 So.2d 4; Nelson v. Ziegler, Fla. 1956, 89 So.2d 780; Mullis v. City of Miami, Fla. 1952, 60 So.2d 174.
There are conflicts in testimony over a number of salient facts, which should have been submitted to the jury for determination. The facts in dispute include such important matters as the length of time between the driving away and the returning of the car and whether the plaintiff was wounded in the first or second round of fire. This could have a bearing on the issue of proximate cause, which, in turn depends on another disputed fact, to-wit: appellant claims both Robbins and Garner had guns; a second version urges that only Robbins had a gun; a third version indicates that Robbins' gun was leveled at the shoplifters; and the fourth version indicates that Robbins' gun was in his back pocket.
The issues of negligence and causation in this case are jury questions. Standards of care to be exercised toward invitees are discussed in Post v. Lunney, Fla. 1972, 261 So.2d 146; and Wood v. Camp, Fla. 1973, 284 So.2d 691.
Assuming arguendo, foreseeability is a material issue, as the appellee contends, from the facts in this case, it is a question to be determined by the jury. Cf. Sparks v. Ober, Fla.App. 1966, 192 So.2d 81.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is reversed and the cause is remanded for a new trial.
Reversed and remanded.