388 So.2d 340 (1980)
Vernon Lee WORTH, Appellant,
v.
Richard P. STAHL, Individually and d/b/a Dutchman's Rathskeller Lounge, et al., Appellees.
Nos. 79-1505, 79-1841.
District Court of Appeal of Florida, Fourth District.
September 24, 1980.
Linda F. Albritton of Haines & Rossow, Chartered, North Palm Beach, for appellant.
Marjorie D. Gadarian of Jones & Foster, P.A., West Palm Beach, for appellee.
MOORE, Judge.
The plaintiff in the trial court sued the owner of a tavern for personal injuries incurred when attacked by another patron. He appeals a final summary judgment in favor of the tavern owner.
The sole issue in this appeal involves the standard of care owed by a tavern owner to his customers. Appellant contends that the standard is one of a general duty to protect. Appellee argues that the standard is one of a duty to maintain the premises in a reasonably safe condition, free from those risks which are known, or through the exercise of reasonable care, should be known to the owner. Under the facts of this case we agree with the appellee and affirm.
Appellant entered appellee's tavern, left, and returned sometime later in the evening. After a discussion with one Howard Hunt, he resumed sitting at the bar and then went to the rest room. Upon leaving the rest room he was accosted by Hunt and four or five others who physically assaulted him. He sued the owner for damages and alleged negligence in the following paraphrased particulars:
(a) the owner allowed strangers on the premises when he knew or should have known they were prone to violence toward other patrons,

*341 (b) the owner served intoxicating beverages to strangers whom he knew or should have known were prone to violence after partaking of the beverages,
(c) the owner allowed strangers to remain on the premises after they became violent toward other patrons,
(d) the owner failed to aid the plaintiff when he was assaulted, and
(e) the owner failed by exercise reasonable care in protecting the plaintiff from assault by the strangers mentioned above.
Immediately prior to the commencement of trial, the plaintiff sought a ruling from the court on the applicable law. After obtaining a preliminary oral ruling from the court, the plaintiff, in an unusual move, asked for an involuntary dismissal of his suit for the purpose of appealing that ruling. That appeal was dismissed by this Court. Thereafter, the trial court set aside its oral ruling and the involuntary dismissal, and upon stipulation of counsel, granted the summary judgment from which this appeal stems.
The applicable law regarding the standard of care required of owners of places open for public entertainment is stated succinctly in Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. discharged, 235 So.2d 294 (Fla. 1970):
The operator of a place of public entertainment owes his invitees the duty to use due care to maintain his premises in a reasonably safe condition commensurate with the activities conducted thereon. This includes a duty to exercise reasonable care to supervise the patrons for the purpose of preventing injuries the risk of which was known to the operator or by the exercise of reasonable care should have been known to him. The duty to supervise does not, however, require the operator to furnish each patron with an usher or to guard against the risk created by a specific patron, unless the operator has actual or constructive knowledge of the need for specific supervision and a reasonable opportunity to exercise it. Otherwise, the operator would be in the position of an insuror of the safety of his patrons. (citations omitted). Id. at 778.
The appellant conceded to the trial court that he had no proof of the appellee's knowledge of the violent character of Hunt, or that the appellee should have known it. Instead, he argues that there is a general duty to use reasonable care to protect the patrons. We agree that such a duty does, indeed exist; however, the owner of a public place is not liable in damages to one who is injured by the unforeseen, violent acts of another. There was simply no proof that Hunt's acts were foreseeable.
We are urged to adopt the dissent in Warner, supra. This we cannot do. See, Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). Furthermore, we are not concerned with liability for the acts of an intoxicated person because there was no proof, or suggestion, of such intoxication.
AFFIRMED.
GLICKSTEIN and HURLEY, JJ., concur.