ROBERT P. SMITH, Jr., Judge,
dissenting:
The court affirms a circuit court judgment dismissing with prejudice appellant’s second amended complaint which alleges in three counts the responsibility of appellee ABC Liquors for the battery of appellant by a third party while both were invitees on ABC’s cocktail lounge premises. While I agree with the trial judge and with the majority that counts I and II inadequately allege that ABC committed an intentional tort or contributed to appellant’s injury through design defects in the building, I dissent from their view that count III inadequately alleges a cause of action on account of ABC’s negligence.
Appellant alleges in count III that one John Kenneth Sparkman, a frequent and valued patron of ABC’s lounge, was known by ABC to be a person of violent temperament who previously damaged ABC’s premises and frightened its patrons and employees. Early one evening, the complaint alleges, Sparkman came into ABC’s lounge brandishing a loaded shotgun in a threatening manner, which frightened the patrons present. One of those patrons requested that ABC’s employee call the police, which the employee first agreed and then failed to do. It is alleged that when police nevertheless came to the premises, evidently in response to another’s call, ABC’s employees
*8 intentionally frustrated police efforts to promptly identify, locate and take into custody a' person reported seen with a gun in or about Defendant’s property, such person being known by Defendant’s agents and employees in fact to be [Sparkman],
and
.. . Defendant through its agents and employees concealed and did not report, prosecute or give evidence of Sparkman’s felonious assault upon its employees and patrons ....
The complaint continues, alleging that ABC and its employees had actual knowledge that Sparkman was angry with appellant “and was actively searching for her” on that evening. Knowing this, and knowing or having the means of knowledge that Sparkman was already intoxicated, ABC’s employees sold to Sparkman, or to others for Sparkman’s consumption, more alcoholic beverages. As a result of all these circumstances, the complaint alleges, it was reasonably foreseeable that Sparkman would attack appellant while she was on ABC’s premises. By thus negligently permitting its premises to become disorderly and dangerous, by negligently permitting the intoxicated and violent patron Sparkman to remain on the premises, and by negligently failing to warn appellant of the danger of which ABC was aware and appellant was not, ABC allegedly contributed to appellant’s injury by Sparkman’s attack while appellant was on or leaving ABC’s premises.
The owner of premises owes to invitees a duty to use reasonable care to maintain the premises in a reasonably safe condition and a duty to use reasonable care to warn invitees of transient dangers arising on the premises of which the owner has knowledge superior to that of the invitee. See Pittman v. Volusia County, 380 So.2d 1192 (Fla. 5th DCA 1980); Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980); Zambito v. Southland Recreation Enterprises, Inc., 383 So.2d 989 (Fla. 2d DCA 1980). In the case of premises devoted to the business of serving alcoholic beverages, a jury might well consider that an intoxicated, recently armed and apparently violent patron, known to be angry with and actively searching for another known patron, creates a dangerous condition on the premises for that other patron, so giving rise to a duty in the proprietor to use reasonable care, in the respects stated, for the other patron’s safety. See Hernandez v. Nortico, Inc., 370 So.2d 836 (Fla. 3d DCA 1979); Warner v. Florida Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. disch., 235 So.2d 294 (Fla.1970); Worth v. Stahl, 388 So.2d 340 (Fla. 4th DCA 1980). I think these allegations are sufficient and would reverse the judgment dismissing count III.