408 So.2d 610 (1981)
BABRAB, INC., d/b/a The Gemini Club and National Union Fire Insurance Company, Appellants,
v.
Pearl ALLEN, Appellee.
No. 80-1366.
District Court of Appeal of Florida, Fourth District.
December 9, 1981.
Rehearing Denied January 28, 1982.
*611 Larry Klein, and Adams, Coogler, Watson & Smith, West Palm Beach, for appellants.
Earl L. Maxwell, Jr., West Palm Beach, for appellee.
PER CURIAM.
A tavern owner appeals the denial of his motion for a directed verdict in a suit filed against him by one bar patron who was attacked by another. We reverse.
There is no evidence whatever in the record that the attacker had ever before created a disturbance at or near this bar. Even on the evening in question, there was no suggestion of anticipated violence. The victim admitted that the attacker had made no threatening remarks prior to the attack on her which occurred, as she admitted, totally unexpectedly after she had departed the bar and was out in the parking lot en route to her automobile.
All this being so and without further discussion, we are of the opinion that the controlling law of this case is as stated in Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980); Worth v. Stahl, 388 So.2d 340 (Fla. 4th DCA 1980) and Highlands Insurance Company v. Gilday, 398 So.2d 834 (Fla. 4th DCA 1981).
We note that the trial judge did not have the benefit of the last of these three cited cases at time of trial wherein Judge Downey, speaking for the court, said:
The owner or operator of a hotel has a duty to exercise reasonable care for the protection of its patrons. However, such owner or operator is not an insurer of the safety of its patrons. Nor is the owner or operator liable for the conduct of another on his premises which causes injury to a business invitee unless the owner or operator has notice of the danger involved and an opportunity to protect against it. (citations omitted) Id. at 835.
The victim argues that the two bartenders, who had known the attacker since he was a child, had knowledge that the attacker "had a reputation as a troublemaker and a fighter." However, as we have already noted there is absolutely no evidence in the record that he had ever made trouble at this or any other bar, and there was no warning that he would do so on this particular night.
Accordingly, we hold that the motion for directed verdict should have been granted and this cause is remanded for the entry of a final judgment in favor of the tavern owner in accordance herewith.
REVERSED AND REMANDED.
LETTS, C.J., and MOORE and HERSEY, JJ., concur.