436 So.2d 927 (1983)
CROWN LIQUORS OF BROWARD, INC., and Belle Fonte Insurance Company, Appellants,
v.
Daniel EVENRUD, Appellee.
Nos. 82-2270, 82-2271.
District Court of Appeal of Florida, Second District.
June 1, 1983.
Rehearing Denied September 7, 1983.
*928 Davis W. Duke, Jr., of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for Crown Liquors.
Michael L. Kinney and T. Gregory Slother of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, Tampa, for Belle Fonte Ins. Co.
Paul Castagliola of Riden, Watson & Goldstein, P.A., St. Petersburg, for appellee.
SCHEB, Acting Chief Judge.
Appellants, Crown Liquors and its insurer, challenge a jury verdict awarding damages to appellee Daniel Evenrud for Crown's negligence in failing to prevent injury to Evenrud, one of its customers. We hold the evidence was insufficient to show a breach of duty by Crown, and that the trial court erred in denying appellants' motions for directed verdict.
Evenrud sued Crown and its insurer and Julio Santas seeking compensatory and punitive damages for injuries he received when he was allegedly struck by Santas at the Crown Lounge in St. Petersburg. In his multi-count complaint, Evenrud alleged that Crown was negligent in failing to exercise reasonable care to maintain its premises in a safe condition and in failing to supervise its patrons for the purpose of *929 preventing injury from known risks.[1] Appellants (Crown and its insurer) answered by denying negligence and pled comparative negligence on Evenrud's part. The court denied appellant's motions for directed verdicts on the above counts, and the jury awarded Evenrud compensatory damages of $150,000 against Crown and its insurer and punitive damages of $200,000 against Crown. After the court denied appellants' post-trial motions, this appeal ensued.
The relevant facts are simple and uncontroverted. On the evening of August 18, 1979, Evenrud stopped in at the Crown Lounge, where he had been a frequent patron the last year or so. The lounge, owned and operated by Crown Liquors, sold alcoholic beverages for consumption on the premises and provided music for dancing and entertainment of its customers. Julio Santas and his girlfriend, Patti Yonce, were already at the lounge that night. After having a couple of drinks and being in the lounge for a while, Evenrud's next recollection was of waking up sometime later in the hospital and not knowing what had happened to him. The testimony of other witnesses revealed that while Evenrud was dancing with Yonce, Santas approached him and delivered the one and only blow of the encounter. Evenrud went down quickly from the punch, hit his head on the floor, and lay there bleeding from the left ear.
During the trial several witnesses testified as to the events of August 18. Additionally, four officers of the St. Petersburg Police Department testified, over appellants' objections, that the Crown Lounge had a reputation as a problem spot in the community. Officer Spangella, who patrolled the area for a year and a half prior to August 18, 1979, testified, "we had problems almost every evening in the bar." Sergeant Potts stated, "I had more complaints of fights and injuries at that bar than any other."
Over relevancy objections of appellants, Evenrud was also allowed to introduce evidence of two specific disturbances at the lounge, both involving Patti Yonce. In May 1979 Yonce began a squabble with three males and was kicking and swinging at them. However, everyone calmed down and quickly went back to drinking together, and no one was ejected from the premises as a result. The second incident was on July 3, 1979, when Yonce, apparently angered by observing Santas dancing with another girl, got into an altercation with the girl. The girl retaliated by hitting Yonce with a beer bottle, and Yonce had to be taken to the hospital.
Evenrud introduced into evidence the written rules utilized internally by Crown for the guidance of its bartenders, barmaids, and bouncers. Two executive supervisors for Crown testified that intoxicated and violent people were to be barred for the protection of other patrons. Both witnesses stated that circumstances as serious as the July 3 and August 18 incidents would warrant a written report, cause the participants to be temporarily barred, and be the subject of a meeting among Crown employees. Although one supervisor admitted having been orally informed of both incidents, neither supervisor had any knowledge of any meeting, written report, or barring relative to those two incidents. There was never any written list of those persons previously barred or involved in violence, and the only means of implementing the barring process was by word of mouth or a face to name recognition of the barred individual by any employee.
Appellants contend that the trial court erred in failing to grant their motions for directed verdict. We agree.
A tavern owner or operator has a duty to maintain his premises in a reasonably safe condition. This includes the duty of preventing injuries, the risk of which is known, to the owner. Spillers v. Hall, 428 So.2d 268 *930 (Fla. 2d DCA 1982); Worth v. Stahl, 388 So.2d 340 (Fla. 4th DCA 1980). However, such owner or operator is not an insurer of the safety of its patrons; and is not liable in damages to one who is injured unless it has notice of the danger involved and an opportunity to protect against it. Highlands Insurance Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA), cert. denied, 411 So.2d 382 (Fla. 1981). In order for Crown to be held liable, it must have been foreseeable by Crown that Santas was going to attack Evenrud.
Here, there was no evidence presented that Santas had ever been involved in a fight at Crown Lounge. Furthermore, there was no warning that Santas had violent propensities or of any impending violence by Santas, which could have put Crown on notice in time to prevent the fight. To the contrary, there was testimony that Santas was a "nice person" and had never caused any problems. As noted in Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla. 1978), foreseeability is an essential element which must be established to predicate liability based on negligence, and what is "foreseeable" is not "what might possibly occur." Here, Evenrud's injuries resulted from a single punch. The entire incident was over almost before it started, and the evidence simply does not show that Santas' behavior was foreseeable by Crown. Moreover, even though a bouncer was present at the lounge that night, there was no time for him to prevent the fight.
Appellee Evenrud argues that Santas' behavior was foreseeable when viewed in light of his relationship with Yonce. According to appellee, Yonce's fight on July 3, 1979, should have put Crown on notice that the Santas/Yonce relationship might give rise to subsequent violent acts and injuries when they were together in the bar. We reject this argument. The mere fact that Yonce may have exhibited prior aggressive tendencies, and that Santas was her boyfriend is not enough to support a finding that Crown knew, or should have known, that Santas would suddenly attack Evenrud just because he was dancing in public with Yonce. Moreover, assuming arguendo the admissibility of all the evidence as to Crown's reputation as a trouble spot, such evidence does not support proof of any specific knowledge of Crown's part that Evenrud was in danger of being injured.
Crown does have a general duty to use reasonable care to protect its patrons. However, this duty does not require Crown "to guard against the risk created by a specific patron, unless [it] has actual or constructive knowledge of the need for specific supervision and a reasonable opportunity to exercise it." (Emphasis supplied.) Warner v. Florida Jai Alai, Inc., 221 So.2d 777, 778 (Fla. 4th DCA 1969), cert. discharged, 235 So.2d 294 (Fla. 1970). In the absence of a showing of such actual or constructive knowledge, we hold that Crown did not breach its duty to Evenrud. Therefore, the trial court erred in denying appellants' motions for directed verdict.
In view of our holding, we need not reach the other issues raised by appellants.
Accordingly, we vacate the final judgment against appellants and remand for entry of a corrected final judgment discharging appellants from liability.
RYDER and DANAHY, JJ., concur.

ON MOTION FOR REHEARING
SCHEB, Acting Chief Judge.
Appellee, Daniel Evenrud, seeks a rehearing on the ground that our decision is not in conformity with the Florida Supreme Court's recent decision in Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983). While Stevens was not filed until the day after our opinion had been filed, that case does not persuade us to change our holding that the evidence was insufficient to show a breach of duty by appellant, Crown Liquors. Yet, we feel that in view of the supreme court's opinion in Stevens, some additional comment is warranted.
In Stevens a tavern owner was held liable for the gunshot slaying of Earl Sidney Jefferson, *931 one of the bar's patrons, by another patron. Jefferson's widow was able to prove a history of shootings and fights in the bar, that the owner had failed to maintain order, and that no security personnel had been employed notwithstanding the fact that the owner knew or should have known that his patrons were being exposed to risk of harm from fights or shootings by other patrons. However, the tavern owner appealed contending the court erred in entering final judgment in favor of Jefferson's widow, because she failed to allege that the tavern owner knew of any dangerous propensities of her husband's assailant.
In affirming the judgment for Mrs. Jefferson, the supreme court rejected the contention that proof of foreseeability of harm to a bar's patrons should be limited to evidence of actual or constructive knowledge of a particular assailant's propensity for violence. Rather, the court held that a tavern owner's liability could also be predicated on knowledge of the likelihood of disorderly conduct by third persons in general which might endanger the safety of his patrons.
The court also emphasized a plaintiff's responsibility to prove legal causation and noted that Mrs. Jefferson had established that element by showing that the bar had a history of fights and gunplay and that the owner had terminated all security service and left the premises in the charge of a female employee who could not maintain order. Under those facts a jury could properly conclude that the owner could have remedied the danger but failed to do so and that because of that failure to perform his duties Jefferson was killed.
Admittedly, our opinion focused on the issue of whether Crown Liquors could have foreseen that Julio Santas would attack Evenrud.[1] We did not find it necessary to discuss whether Crown could be liable for failure to take precautions against third persons in general because, irrespective of the evidence of Crown's reputation, there was no showing of any breach of the duty Crown owed its patrons. Even if it could be argued that Evenrud evidentially established the element of foreseeability, still it is clear that there was no evidence to support a finding that Crown failed in its duty to provide security or had an opportunity to prevent the completely unexpected blow which Santas delivered to Evenrud.
We conclude that Crown could not have foreseen that Santas would attack Evenrud. And even if it could have known, either actually or constructively, that there was a likelihood of disorderly conduct by third persons in general which could result in harm to Evenrud, any opportunity to protect against the risk of harm was totally lacking. As noted, Santas' attack on Evenrud involved a single punch, and the entire incident was over almost before it started. Thus, the legal cause of Evenrud's injuries could not be attributed to Crown.
We find the facts in Stevens to be distinguishable from the facts here. Inasmuch as our holding does not conflict with Stevens, the motion for rehearing is denied.
RYDER and DANAHY, JJ., concur.
NOTES
[1] Our discussion is limited to Counts II and III. Count I was directed solely against Santas. Judgment was rendered against him, and he is not a party to this appeal. The court dismissed Count IV, which charged Crown with failure to protect Evenrud from assaults by specific patrons with known dangerous propensities. Count V sought punitive damages from Crown.
[1] Thus, our discussion of foreseeability as a basis of establishing the liability of a tavern owner focused on narrower principles than those articulated in Stevens.