## Richmond

### INDIAN ACRES OF THORNBURG, INC. v.
### DONNA MARIE DENION, ET AL.

April 28, 1975.

Record No. 740467.

Present, All the Justices.

*Frank B. Miller, III (Sands, Anderson, Marks & Clarke,* on brief), for plaintiff in error.

*David F. Peterson (Leland L. Baker, Jr.; Hicks & Baker,* on brief), for defendant in error, Donna Marie Denion.

Compton, J., delivered the opinion of the court.

The dispositive question in this tort action is whether the evidence was sufficient to present a jury question upon the issues of primary negligence and proximate cause.

Donna Marie Denion, the plaintiff below, was injured on July 11, 1970, in Spotsylvania County on property owned by defendant, Indian Acres of Thornburg, Inc., when she was struck in the face by a piece of concrete dropped from an observation tower by the co-defendant Gary Biller, who was 12 years of age.

She alleged that Indian Acres was negligent because it permitted unsupervised children to climb the tower, because it permitted rocks and debris to accumulate in the area, and because it failed to take proper safety precautions to prevent objects from being dropped or thrown from the tower. The basis of the plaintiff's claim against Biller was that he negligently threw the object from the tower. A jury awarded the plaintiff a verdict of $10,000, finding against Indian Acres and in favor of Biller. We granted Indian Acres a writ of error to the judgment entered against it on this verdict.[1]

Upon familiar principles, the evidence will be considered in the light most favorable to the plaintiff. At the time of this accident, Indian Acres was in the process of developing a tract of land as a planned camping community. The plaintiff's parents owned a lot therein, a "Funstead Site." The family had the right to use, with other site owners, a community recreational area. Located in this common area was an old silo which was being converted to an observation tower. The conversion was 85 to 90 percent complete at the time of the accident and was open for use by those lawfully on the premises. Within the silo, a spiral steel staircase had been constructed to provide access through an entrance at ground level to the observation platform at the top. The record fails to reveal the precise height of this platform. From the photographs in evidence, it appears to be approximately 60 feet above the ground.

On the day in question, a Saturday, Biller and a friend, Robert Powers, 15 years of age, were visiting the area with their families. The boys climbed to the top of the tower with pieces of concrete in hand, which they had obtained from among construction debris located in and around the base of the tower. They planned to drop the objects from the top of the tower in an attempt to make a noise by striking a railing or board situated outside of the tower, at its base.

At the same time, the plaintiff, 15 years of age, her younger sister, and two younger brothers had been swimming in the common area and were returning to the Denion property. These children entered the tower but the plaintiff, who was the last to enter, decided not to go to the top because she felt the steps were

---

[1] We do not find a judgment order in favor of Biller in the record. Indian Acres assigns error to the entry of such a "judgment," but it does not pursue such assignment of error.

insecure. Powers and Biller were unaware of the presence of the Denion children.

About this time, Biller looked from the platform, and seeing no one below, dropped a concrete rock, which he described as being smaller than a volleyball but larger than a softball. He then heard the sound of footsteps on the steel staircase and yelled a warning. The plaintiff walked out of the entranceway, heard the warning, looked up, and was struck in the face by the object.

Indian Acres had placed no guard or warning signs at the tower, or employed any other means of controlling its use. It had no knowledge of any objects being thrown from the top of the tower prior to the day in question.

Indian Acres contends that the plaintiff was a licensee at the time of her injuries. We will assume, but not decide, that she was an invitee, as the trial court determined and as the plaintiff argues.

The controlling issue, then, is whether Indian Acres breached any duty it owed to the plaintiff and, if so, whether such breach was a proximate cause of the injury. More precisely, the inquiry is, may fairminded men differ as to whether it was reasonably foreseeable that injury might result to an invitee from the conduct of Indian Acres?

Plaintiff argues that Indian Acres had a duty to maintain its premises in reasonably safe condition, a duty strengthened, she says, by the invited presence of children; that Indian Acres breached this duty by negligently permitting accumulated concrete stones to remain about the unsupervised observation tower subsequent to opening it for use; and that defendant could have foreseen the danger of injury proximately caused by its negligent action.

On the other hand, Indian Acres contends that it did not breach any duty it owed to the plaintiff. It argues that "the concrete . . . rocks, in and of themselves, did not cause the injuries. The same may be said for the silo or lookout tower." Indian Acres maintains that, considering the facts and circumstances of this case, it was not foreseeable, by a reasonable person exercising ordinary care for the safety of others, that a 12-year-old boy would take a piece of broken concrete to the top of the tower and drop it on another visitor to the premises. We agree and reverse.

It is elementary that a landowner must exercise ordinary care

to see that his premises are in a reasonably safe condition for the use of an invitee in the manner, and to the extent, that he has invited their use. *Pettyjohn & Sons* v. *Basham*, 126 Va. 72, 78, 100 S.E. 813, 815 (1919). The invitee is owed the duty of prevision, preparation and lookout. *Id.* Notice or warning by the owner is required of an unsafe condition known to him and unknown to the invitee, unless such condition is open and obvious and is patent to a reasonable person exercising ordinary care for his own safety, in which case notice is not required. *Knight* v. *Moore*, 179 Va. 139, 146, 18 S.E.2d 266, 269 (1942).

The plaintiff contends that a proper discharge of the foregoing duties in this case required Indian Acres to control, by notice or some other effective method, the use of the tower in question. She contends that Indian Acres, if it had acted reasonably, would have anticipated that injury to invitees might be caused by the potentially dangerous condition present, consisting of the following ingredients: a youth with childish impulses; available concrete missiles; and a 60-foot tower. We reject this argument.

The verdict of a jury confirmed by the trial court is entitled to great weight. It will not be disturbed when supported by credible evidence, or if reasonable men may differ on the inferences to be drawn from the evidence. But when fairminded men can reach only one conclusion from the facts, the question becomes one of law for the court. This is such a case.

Here, the evidence is without significant conflict, so we are primarily concerned with the inferences flowing therefrom. To infer from these facts that this owner-developer should anticipate that "an injury might probably result" from its conduct, *New Bay Shore Corp.* v. *Lewis*, 193 Va. 400, 409, 69 S.E.2d 320, 326 (1952), would improperly establish it as an insurer of the safety of its business visitors. *Whitfield* v. *Cox*, 189 Va. 219, 52 S.E.2d 72 (1949).

This injury flowed directly from the independent nonnegligent act of Gary Biller. Moreover, the developer was not required to eliminate all excess construction materials from the site, while construction was still in progress. Furthermore, as to the tower, the plaintiff only complains of its presence, not that it was in a defective or hazardous condition. Under these circumstances, the owner-developer could not reasonably anticipate that the tower and debris would, with an unthinking child acting as the catalyst,

produce a dangerous condition, which required notice or warning to prevent injury to invitees.

The plaintiff relies heavily on *New Bay Shore* v. *Lewis, supra,* a case which is factually distinguishable. There, the plaintiff-invitee was injured while on the defendant's merry-go-round. As she was holding a child on a hobby horse, one of a group of children changing horses during the ride bumped into the plaintiff causing her injury. We affirmed a judgment for the plaintiff, entered upon a jury verdict, and concluded that the defendant should have reasonably foreseen that children, thrilled and excited by the merry-go-round, would move about during the ride with little or no regard for their own safety, or for the safety of others. Accordingly, we held defendant negligent for failing to enforce two of its safety rules adopted for protection of its riders. These rules required all riders to remain seated during the ride and " 'to be careful about children and boys running around.' " But the significant difference between that case and the present case is that in *New Bay Shore,* the safety rules adopted by defendant clearly indicated the defendant was aware of the potential dangers involved. 193 Va. at 409, 69 S.E.2d at 326. The evidence here is without conflict that Indian Acres had no knowledge whatever of rocks being tossed from the tower by children, and, consequently, of any resulting danger therefrom. Therefore, *New Bay Shore* is not controlling.

For these reasons, we hold that Indian Acres, as a matter of law, was free of any primary negligence which was a proximate cause of this accident. Accordingly, we will reverse the judgment of the trial court and enter final judgment here in favor of Indian Acres. We will remand the case for entry of a final judgment in favor of Gary Biller, if this has not already been done.

*Reversed, final judgment and remanded.*