## CIRCUIT COURT OF FAIRFAX COUNTY

Robert Murphy

v.

Olympic Flame Restaurant, Inc.

May 14, 1985

Case No. (Law) 68764

By JUDGE THOMAS A. FORTKORT

In this suit, plaintiff has alleged three counts of negligence against a tavern owner and one of its customers who assaulted the plaintiff. Count III is a claim of damages against the customer who is alleged to have assaulted the plaintiff. That count is not in contention here.

Count I generally states that the tavern owner had a duty to maintain security on his premises, and its failure to do so resulted in the injury to the plaintiff.

Count II states that the bartender continued to serve the defendant after he had reached the point of intoxication, thus knew or should have known that the defendant was in a dangerous condition, and as a direct and proximate cause of the bartender's failure to exercise due care in further serving intoxicants to the defendant, he became reckless and angry and injured the plaintiff.

The defendant Olympic Flame Restaurant demurs to these two counts of the petition.

The defendant states that because Virginia has no dram shop statute or Civil Liability Acts that would create liability to the defendant, and that since an action against an innkeeper for serving beverages to a customer who becomes intoxicated is not cognizable at

common law, no cause of action exists against this defendant for the acts alleged in Counts I and II of the petition.

In Count II, plaintiff argues that a duty not to serve intoxicated customers is a statutory obligation in Virginia, and its failure in that regard is sufficient for a cause of action. He relies upon the recent cases of *Corrigan v. The United States* and *Dimos v. The United States*, both in the United States District Court for the Eastern District of Virginia. These cases both arise out of the same incident, where an intoxicated soldier left the Fort Myers base club and after a series of accidents ultimately collided with a car driven by Michael McDonnell and occupied by Maura Corrigan as a passenger. Mr. McDonnell died in the crash and Miss Corrigan was very seriously injured. Judge Williams in those cases found that the tavern owner was vicariously liable for torts committed by an intoxicated patron. Applying Virginia law under the Federal rules, Judge Williams found that the Virginia Supreme Court had not yet ruled on such a case, but that he anticipated that when presented with a similar situation, Virginia would rule that liability accrues against a tavern owner. Judge Williams points to the growing body of American law finding liability against purveyors of intoxicants for tortious acts committed by their patrons against third parties.

The defendant argues that the Corrigan decision is not binding on this Court and that Virginia would not likely follow Judge Williams's opinion.

This Court agrees with the defendant that Virginia will not likely impose dram shop principles in derogation of common law without statutory authority. (See Judge Stevens's opinion outlining the liability of tavern owners and the relationship of common law which is attached to this opinion letter and adopted by this Court.)

The defendant argues that Count I of the petition would make the tavern owner an insurer of his patron's

safety and cites two Virginia cases, *Indian Acres* v. *Denion*, 215 Va. 847, and *Gulf Reston, Inc.* v. *Rogers*, 215 Va. 155, that support his position. Plaintiff argues that the two cases are distinguishable from the case at bar in that they involve the duty of a landlord to a tenant, and a landowner to guests, not a tavern owner to third parties injured by their patrons.

Both of these cited cases stand for the proposition that injury to a plaintiff through the conduct of the landlord or property owner is insufficient to render judgment. Rather, the negligence must be the foreseeable consequence of the defendant's action. In *Indian Acres* v. *Denion*, the rule is stated thus: "The inquiry is, may fairminded men differ as to whether it was reasonably foreseeable that injury might result to an invitee from the conduct of Indian Acres." 215 Va. 847. Throughout the opinion, the Court rejects statements that "an injury might probably result" and advises that such a standard "would improperly establish it as an insurer of the safety of its business visitors." The Court moves on to distinguish *Indian Acres* from *New Bay Shore Corp.* v. *Lewis*, 193 Va. 400, where it found liability against the property owner. The distinguishing criteria is one of *notice*. In *New Bay Shore*, the Court states "the safety rules adopted by the defendant clearly indicated the defendant was aware of the potential dangers involved." 193 Va. at 409.

In the case of *Gulf Reston*, the Court again addresses and rejects strict liability and states "As a general rule, a landlord does not owe a duty to protect his tenant from a criminal act by a third person." 215 Va. at 157. The Court indicates that in order to find a landlord liable there must exist "a special relationship between the actor and the other which gives to the other a right of protection." The quotation is cited in 215 Va. at page 158 and is a reference from the Restatement of Torts 2d Section 315.

The determination of this special relationship does not result from the mere relationship of the parties, i.e. landlord-tenant, invitor-invitee. Rather, the plaintiff to prevail must show a duty beyond even foreseeability. Hence, the knowledge that objects were occasionally thrown out of windows in an apartment house was insufficient to impose upon the landlord "a duty to protect his tenant from intentional or reckless crimes committed by unknown third persons." 215 Va. at 159.

The Court cites certain cases where liability was found against landlords. At 215 Va. at page 159, the Court notes "In those cases, large apartment buildings were located in areas where frequent robberies and rapes were committed, and such occurrences in their apartment buildings were known to the landlords." Once again, liability is imposed if the defendant has specific notice that a criminal event or an intentional tort might happen. It is not a question of whether such an act would be foreseeable by the reasonable man, but whether in fact, notice is given to the plaintiff by prior acts causing injury similar to this act in the past.

Plaintiff has given to this Court additional citations as to the question of foreseeability based upon the inquiries made of the parties by the Court at the time of the motion. These citations appear to support the Court's theory that the defendant tavern operator had been put on notice by prior occasions that intoxicated persons posed a threat to other patrons in his establishment.

In *Allen* v. *Babrab, Inc.*, 438 So. 2d 356, the tavern had a history of fighting and other disorderly disturbances and its own bartender had recommended removal of glasses from patrons prior to their exiting to the parking lot. In *Allen*, the plaintiff was injured when a glass was thrown into her face in the parking lot by a customer of the tavern. While, *Allen* says foreseeability of the risk to patrons is the test for liability as the Virginia Court also says of *Indian Acres*, it is clear that foreseeability in these cases is not based upon general probabilities but rather past experience factors that give rise to placing the defendant on "notice."

In Count I of his motion for judgment, plaintiff correctly states that the defendant had a duty to exercise ordinary care and prudence to render the premises in a reasonable safe condition. He further states that defendant, Olympic Flame, knew or should have known the defendant, Schiff, was intoxicated and violent and that Olympic Flame permitted Mr. Schiff to remain on the premises. While plaintiff does not aver the specific acts that have caused the defendant Olympic Flame to be on notice that Schiff was violent, the Court is of the opinion that Count I contains sufficient allegations of duty, notice, and proximate cause to state a cause of action.

As to Count II, the plaintiff's allegation is that the defendant's employee, Penny Stringos was negligent

by continuing to serve Schiff intoxicating beverages when she knew or should have known, that Schiff already was in an intoxicated and thereby dangerous condition. This allegation is a dram shop or civil liability act charge. The defendant employee is charged with the knowledge that defendant Schiff is dangerous because he is intoxicated. The duty of the tavern owner is not to serve intoxicated people or risk the consequences of their actions against third persons. This is clearly a "dram shop" principle of strict liability which Virginia has not yet adopted nor do we think for the reasons previously enunciated, will adopt without statutory change. Count II, therefore, does not state a cause of action and is demurrable.

Plaintiff is given 21 days from the date of this letter to file an amended pleading if he wishes. Defendant is given leave to file responsive answers within 10 days after the plaintiff either files amended pleadings or the 21 day period elapses.