## CIRCUIT COURT OF FAIRFAX COUNTY

Douglas

v.

George Lawson et al.

April 14, 1986

Case No. (Law) 71988

By JUDGE F. BRUCE BACH

This matter came before the court on various Demurrers filed by Defendants to Plaintiff's Motion for Judgment. Plaintiff claims that he was injured as a result of negligent actions by Defendants relating to a party at 7705 Eagle Lane on December 10 and 11, 1983. This court rules on the Demurrers as follows.

*1. Defendant John Keen (Count I)*

Plaintiff alleges that John Keen, a resident of 7705 Eagle Lane, hosted the December 10-11 party. Keen was allegedly present during the entire party. Plaintiff claims that Keen breached duties owed to Plaintiff; namely, to refuse to serve alcoholic beverages to minors, and to ensure that the party be conducted in a safe and orderly manner. As a direct result of the breach of these duties, Plaintiff claims that he was injured. Defendant Keen has demurred on ground that the Motion for Judgment fails to state a claim upon which relief can be granted.

Plaintiff concedes that Virginia does not presently recognize a "dram shop" action, whereby a person who negligently serves alcohol to an intoxicated person can be held liable for injuries sustained by a third party. Plaintiff does, however, urge this court to find liability

based on Defendant's sponsoring an activity at his residence at which the likelihood of injury was clearly foreseeable.

The court finds that the facts as pled cannot support such a cause of action. Even assuming that John Keen owed a duty to Plaintiff to protect him from foreseeable harm, George Lawson's intentional shooting cannot be considered a foreseeable event. The supreme court contemplated an analogous situation in *Indian Acres v. Denion*, 215 Va. 847, 213 S.E.2d 797 (1975). (Note: The court in *Indian Acres* assumed, without deciding, that the plaintiff was an invitee. *Id.* at 849. This court will likewise assume, for the purposes of discussion, that Plaintiff as an invitee.) The court held that a landowner who maintained an observation tower could not be found liable for the injury plaintiff sustained when she was struck by a piece of construction debris flung down from the tower by a young boy. *Id.* The court held that the likelihood of such an injury was not reasonably foreseeable as a matter of law. *Id.* at 850-51. Plaintiff claims that *Indian Acres* is distinguishable from the present facts because in the former, the defendant landowners "had no knowledge whatever of rocks being tossed from the tower by children." *Id.* at 851. In the present case, Plaintiff claims that the alleged instances of previous altercations should have alerted Keen to the possibility that injury could occur. But there are no allegations that Keen had any knowledge of previous shootings nor are there allegations that guns were present at his earlier parties. Mere "altercations" at previous parties would not put a reasonable person on notice that a guest would leave a party, return with a rifle, shoot, and injury another guest. For these reasons, the Demurrer of Defendant John Keen is sustained.

## 2. Defendant Virginia Keen Keeter (Count I.)

Plaintiff alleges that Ms. Keeter owns and resides at the house trailer at 7707 Eagle Lane. Plaintiff claims that Ms. Keeter breached a duty owed to Plaintiff to supervise her son, John Keen, and his activities at her residence. Plaintiff also claims that Ms. Keeter breached a duty to ensure that no alcohol be served to minors at her residence, and that Ms. Keeter breached a duty to ensure that any party at her residence be conducted

in a safe and orderly manner. Defendant Keeter has demurred on the ground that the allegations state no cause of actions against her.

The Demurrer to the duty to supervise claim is sustained. Plaintiff does not allege the necessary fact that Defendant was an infant at the time of the shooting, nor can a parent be held liable when her son's actions did not approximately cause the Plaintiff's injury.

The Demurrer to the remaining allegations against Ms. Keeter is also sustained, for the same reasons as discussed above with respect to the Demurrer filed by John Keen. The court finds that the facts as alleged do not give rise to any duty owed by Ms. Keeter to Plaintiff. Notably, there are no allegations that Ms. Keeter was present at the party when the injury occurred. She had no realistic opportunity to control the conduct of Defendant George Lawson.

*3. Defendant Audubon Estates (including George Faigen, Arlene Faigen, Seymour Faigen, Francyne Faigen, Sigmund Goldblatt, Lynda Huang, Michael Faigen, and Steven Faigen) (Count IV)*

Plaintiff alleges that Defendant Audubon Estates retained control of and was responsible for managing the trailer park in which the shooting incident occurred. Plaintiff alleges that Audubon Estates maintained an office on the premises for management purposes. Plaintiff claims that Audubon Estates should have known, from the existence of prior disruptive parties, of the likelihood of dangerous conditions arising at 7705 Eagle Avenue. Plaintiff claims that Audubon Estates owed a duty to Plaintiff to operate the trailer park safely and to take precautions to insure that all laws be obeyed throughout the trailer park. Plaintiff also claims that Audubon Estates had the duty to take corrective measures upon discovery or knowledge of illegal, dangerous, or disruptive activities occurring within the trailer park. Defendant has demurred to these allegations on the ground that Plaintiff fails to state a claim upon which relief can be granted.

The court finds that the facts as alleged do not give rise to any duty owed by Audubon Estates to Plaintiff, and the Demurrer is therefore sustained. The supreme court's decision in *Gulf Reston, Inc. v. Rogers*, 215

Va. 155, 205 S.E.2d 841 (1974), is instructive. The court in *Gulf Reston* was faced with the issue of whether a landlord owed a duty to a tenant to protect that tenant from a third party's intentional, deliberate, or criminal act. In the *Gulf Reston* case, a teenage trespasser climbed to the roof of the apartment complex and threw a bucket of paint on a tenant. *Id*. at 156. The tenant had a heart attack and subsequently died. *Id*. Although the landlord knew of prior incidents of trespassing, vandalism, and theft at the apartments, the court held as a matter of law that no duty was owed. *Id*. at 156, 159-60. Plaintiff's allegations of fact in the present case state no special relationship between Plaintiff and Defendant Audubon Estates that would create a duty; indeed, the parties do not even occupy a landlord-tenant relationship.

### 4. Defendants George Faigen, Arlene Faigen, Seymour Faigen, Francyne Faigen and Sigmund Goldblatt (Count V)

Plaintiff alleges that these Defendants owned the trailer park property during the relevant time period, and that they retained control of the trailer park grounds. Because the allegations involving these Defendants are substantially identical to those involving the Audubon Estates Defendants (Count IV) the Demurrer is sustained for the same reasons as discussed above.

### 5. Defendant George Lawson (Count III)

Plaintiff alleges that Defendant George Lawson, a minor at the time of the incident, attended the party at 7705 Eagle Lane and paid an admission fee. While at the party, Lawson allegedly got into several altercations with other guests. Plaintiff alleges that Lawson, accompanied by Kenneth Deavers, went to Deaver's vehicle and drove it up and down Condor Court toward the crowd of party-goers who had gathered outside the residence. Deavers allegedly loaded and fired a rifle out of the vehicle, and handed the rifle to Lawson. Plaintiff alleges that Lawson then fired the rifle out of the passenger window, shooting and injuring Plaintiff. Plaintiff claims that Defendant Lawson breached a duty owed to Plaintiff to operate and fire the weapon in a safe, responsible, and proper manner. Defendant had demurred on three grounds. First, Defendant states that he cannot be held liable

for actions taken during his minority. Second, Defendant demurs on the basis of misjoinder of claims. Third, Defendant claims that the applicable statute of limitations has run.

The first ground of Demurrer is overruled. An infant is liable in tort just as an adult is. *Fry v. Leslie*, 87 Va. 269, 12 S.E. 671 (1891).

The second ground is likewise overruled. Plaintiff has not improperly joined the various claims; they all arise out of the same incident.

The Demurrer based on the statute of limitations is also overruled. The injury occurred December 10-11, 1983, and Plaintiff filed his motion for judgment December 9, 1985. The motion for judgment was properly filed within the two year statute of limitations period for personal injury actions.