438 So.2d 356 (1983)
Pearl ALLEN, Petitioner,
v.
BABRAB, INC., d/b/a the Gemini Club, and National Union Fire Insurance Company, Respondents.
No. 61789.
Supreme Court of Florida.
August 25, 1983.
Rehearing Denied October 26, 1983.
*357 Richard W. Ervin of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, and Earl L. Maxwell of Maxwell & Hill, West Palm Beach, for petitioner.
Adams, Coogler, Watson & Merkel, and Larry Klein, West Palm Beach, for respondents.
McDONALD, Justice.
We accepted jurisdiction in this case because the decision of the Fourth District Court of Appeal in Babrab, Inc. v. Allen, 408 So.2d 610 (Fla. 4th DCA 1981), appeared to conflict with Stevens v. Jefferson, 408 So.2d 634 (Fla. 5th DCA 1981), which we have now approved. Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution, and we quash Babrab.
The issue is whether there was a factual basis for the jury to find (1) a negligent violation of a tavernkeeper's duty to a patron assaulted by a third party in the tavern's parking lot and (2) that such negligence caused or contributed to the plaintiff's injuries.
The petitioner, Pearl Allen, and a companion were patrons of the Gemini Club on the evening of October 1, 1977. As the two women left the club in the early morning hours and proceeded to their car in the Gemini Club's parking lot, a male patron of the club, Leroy Allen (not related to the plaintiff), approached them. Pearl Allen and her companion rebuffed Leroy Allen's advances, and the trio exchanged harsh words. After pouring his drink on the companion, Leroy Allen hurled the empty glass, which struck Ms. Allen in the face and permanently blinded her in the left eye.
At trial the jury returned a verdict for Ms. Allen upon which the court entered final judgment. On appeal the fourth district reversed and remanded the case for entry of judgment for the defendant. In reaching its decision the district court noted the absence of evidence in the record that Leroy Allen, the assailant, had ever before created a disturbance at or near the Gemini Club. The court also pointed out the totally unexpected nature of the attack on Pearl Allen. On these facts the district court found the controlling law to be stated in three of its own recent opinions: Highlands Insurance Co. v. Gilday, 398 So.2d 834 (Fla. 4th DCA 1981), review denied, 411 So.2d 382 (Fla. 1981); Worth v. Stahl, 388 So.2d 340 (Fla. 4th DCA 1980); and Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980).
Implicit in the district court opinion is the view that a tavern owner may be liable for injuries to its patrons caused by the tortious conduct of third parties only if the tavern owner knew or should have known of the dangerous propensities of that specific assailant. This is the very proposition we recently rejected in Stevens. The proprietor of a place of public entertainment will not be held liable for the unforeseeable acts of third persons, but, as we emphasized in Stevens, specific knowledge of an individual's dangerous propensities is not the exclusive method of proving foreseeability. It can be shown by proving that, based on past experience, a proprietor knew of or should have recognized the likelihood of disorderly conduct by third persons in general which might endanger the safety of the proprietor's patrons. Foreseeability of an intervening cause is a question for the trier of fact. Gibson v. Avis Rent-a-Car System, Inc., 386 So.2d 520 (Fla. 1980).
The Gemini Club had a history of fighting and other disturbances. Prior to October 1, 1977 Babrab had employed a "bouncer" to maintain security on the premises. The bouncer's duties included patrolling the parking lot and preventing patrons from removing glasses from the bar.[*] Despite urgings to the corporate officers by *358 the bartenders that such security was needed, no such employee was on duty the night of Pearl Allen's assault.
The evidence was sufficient for the jury reasonably to find that Babrab should have known of the likelihood of injury to patrons caused by disorderly conduct on the part of third parties in general and failed to do anything about it. It is a close question as to whether this failure caused or contributed to the plaintiff's injuries, but the jury could have reasonably concluded that, if Babrab had continued its previous policy of hiring security personnel to take glasses from patrons as they left the club and to patrol the parking lot, the injury suffered by Pearl Allen would have been prevented. This being so, the jury verdict should stand.
The decision below is quashed, and the district court is ordered to reinstate the judgment rendered by the trial court in favor of Ms. Allen.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON and EHRLICH, JJ., concur.
BOYD, J., dissents.
NOTES
[*] A local ordinance prohibits the sale of alcoholic beverages for immediate consumption off the premises.