458 So.2d 760 (1984)
Eugene HALL, Petitioner,
v.
BILLY JACK'S, INC., Respondent.
No. 63147.
Supreme Court of Florida.
October 11, 1984.
Rehearing Denied December 10, 1984.
*761 D. Russell Stahl, Tampa, for petitioner.
Kathleen V. McCarthy, Hialeah, for respondent.
EHRLICH, Justice.
Petitioner seeks review of the decision of the Second District Court of Appeal, Spillers v. Hall, 428 So.2d 268 (1982) on the grounds of direct and express interdistrict conflict. Babrab, Inc. v. Allen, 408 So.2d 610 (Fla. 4th DCA 1981); we have since quashed Babrab, 438 So.2d 356 (Fla. 1983). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We quash the decision of the district court and remand the case to that court for reconsideration.
As Eugene Hall watched a pool game in Billy Jack's Lounge on November 9, 1978, he was assaulted by another lounge patron. The fight moved outside. When it was over Hall rose to his feet and turned to face Wayne Spillers, a lounge patron, and George McGuire, the lounge manager. Spillers hit Hall over the head with a pool cue he had taken from the lounge in violation of posted rules. Hall testified that the blow was without provocation; Spillers testified that it was in self-defense. Hall sought damages against Billy Jack's for the November 9 assault on a negligence theory. The jury found in favor of Hall and against Billy Jack's on all issues and awarded Hall $240,000 against Spillers and Billy Jack's jointly. The district court affirmed as to Spillers but reversed as to Billy Jack's. The court held that Billy Jack's was not shown to have breached its duty to Hall in that no evidence supported a finding that Billy Jack's knew or should have known that Spillers would attack Hall without provocation.
Although some of the facts are disputed, the parties agree on all material points. Hall was a business visitor in Billy Jack's Lounge; the lounge owes business visitors a duty of reasonable care for their safety. A tavern owner is not required to protect the patron from every conceivable risk; he owes only a duty to protect against those risks which are reasonably foreseeable. Stevens v. Jefferson, 436 So.2d 33 (Fla. 1983). Forseeability may be established by proving that a proprietor had actual or constructive knowledge of a particular assailant's inclination toward violence or by proving that the proprietor had actual or constructive knowledge of a dangerous condition on his premises that was likely to cause harm to a patron. Fernandez *762 v. Miami Jai Alai, Inc., 386 So.2d 4 (Fla.3d DCA 1980). A dangerous condition may be indicated if, according to past experience (i.e., reputation of the tavern), there is a likelihood of disorderly conduct by third persons in general which might endanger the safety of patrons or if security staffing is inadequate. These indicia are not exhaustive. If the lounge management knew or should have known of a general or specific risk to Hall and failed to take reasonable steps to guard against that risk and if, because of that failure, Hall was injured, Billy Jack's may be shown to have breached its duty and may be held financially responsible for Hall's injuries. The question of foreseeability is for the trier of fact. Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla. 1980).
We note that the case against Billy Jack's, Inc. was tried on a theory of liability more narrow than that which we enunciated in Babrab and Stevens. The district court, before Babrab had issued from this Court, overturned the plaintiff's verdict against the tavern in reliance on the Fourth District's decision in Babrab which we quashed. In relying on a rule it considered to be dispositive, the district court below did not reach other issues which may affect the appellate disposition of this case.
We therefore remand this case to the district court for reconsideration in light of this Court's decisions in Babrab and Stevens.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.