HENDRY, Judge.
Anna Delgado appeals from a summary judgment which found that, as a matter of law, the City of Miami Beach was protected from liability under the doctrine of sovereign immunity. We affirm.
On July 4th, 1984, Delgado attended a concert and fireworks display sponsored by the City of Miami Beach. During the concert, someone in the crowd ignited fireworks which struck and burned Delgado’s leg. The crux of Delgado’s argument is that the city, acting in an operational capacity as the sponsor of the above events, failed to prohibit the possession and detonation of fireworks by individuals.[1]
We disagree with Delgado’s contention that the city’s actions were an operational-level function. More correctly, the city’s actions fell within the planning-level, discretionary function of government, for which no liability attaches. The manner in which a city, through its police officers, exercises discretionary authority to enforce compliance with the laws and protect the public safety, falls squarely within the city’s power to govern. Accordingly, the city is protected under the doctrine of sovereign immunity. Trianon Park Condominium Ass’n v. City of Hialeah, 468 So.2d 912 (Fla.1985); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979). See also City of Daytona Beach v. Palmer, 469 So.2d 121 (Fla.1985) (decisions of firefighters in combatting a fire); Higdon v. Metro. Dade County, 446 So.2d 203 (Fla. 3d DCA 1984) (provisions to warn individuals of riot); Ellmer v. City of St. Petersburg 378 So.2d 825 (Fla. 2d DCA 1979) (provision of police protection during riot).
Affirmed.

. Delgado also contends that police officers failed to warn persons attending the concert that unauthorized fireworks were being ignited. No evidence exists in the record to indicate that the city had any knowledge of prior similar incidents.