534 So.2d 812 (1988)
Geraldo AMEIJEIRAS and Eneyda Ameijeiras, Appellants,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 87-3075.
District Court of Appeal of Florida, Third District.
November 29, 1988.
*813 Deutsch & Blumberg, James C. Blecke, Miami, for appellants.
Robert A. Ginsburg, Co. Atty., and Ronald J. Bernstein, Asst. Co. Atty., for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
BASKIN, Judge.
Geraldo Ameijeiras was shot during an attempted robbery and rendered a paraplegic. The crime occurred while he was jogging on the nature trail at Bird Drive Park. Ameijeiras sued Metropolitan Dade County [Dade County] for damages, alleging that, by permitting the nature trail to become overgrown, Dade County had facilitated the attack. He asserted that homosexual activity, illicit drug dealing and arson attempts had occurred in the park and that Dade County knew of these activities, but failed to provide adequate protection. Pointing to the fact that no violent crimes had been reported in Bird Drive Park during the two years preceding the attack on Ameijeiras, Dade County sought a summary judgment on the ground that the attack on Ameijeiras was not foreseeable, and thus, Dade County had no legal duty to warn or protect Ameijeiras. The trial court granted Dade County's motion and entered final summary judgment. The court found that Dade County did not have sufficient knowledge of similar acts to cause the attack to be foreseeable as a matter of law, and further, that Dade County was entitled to sovereign immunity. Ameijeiras filed an appeal. Finding no reversible error, we affirm.
A landowner has a duty to protect an invitee on his premises from a criminal attack that is reasonably foreseeable. Admiral's Port Condominium Ass'n, Inc. v. Feldman, 426 So.2d 1054 (Fla. 3d DCA), review denied, 434 So.2d 887 (Fla. 1983); Medina v. 187th Street Apts., Ltd., 405 So.2d 485 (Fla. 3d DCA 1981); Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla. 3d DCA 1980), appeal after remand, 454 So.2d 1060 (Fla. 3d DCA 1984); Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980). The landowner's duty arises only when he has actual or constructive knowledge of similar criminal acts committed on his premises. Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), review denied, 484 So.2d 8 (Fla. 1986), and 484 So.2d 9 (Fla. 1986); School Bd. of Palm Beach County v. Anderson, 411 So.2d 940 (Fla. 4th DCA 1982); Medina; Relyea. In the case before us, the record discloses that no violent crimes were reported to Dade County in the two years prior to the attack on Ameijeiras; Ameijeiras introduced no evidence that Dade County knew of the existence of violent criminal activity in Bird Drive Park. In the absence of proof that it had actual or constructive notice of similar *814 criminal activity in Bird Drive Park, Dade County may not be held liable for the attack on Ameijeiras because, as a matter of law, the attack was not foreseeable.[1]
Our disposition of this point renders it unnecessary for us to address the other points raised on appeal.
Affirmed.
SCHWARTZ, C.J., concurs.
JORGENSON, Judge, specially concurring.
I concur in the result reached by the court. I would not reach the foreseeability question. Rather, I would affirm on the basis of sovereign immunity. Protection of the public against third party criminal attacks on public parkland is an inherently governmental function for which there has never been a common law duty of care. Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). Applying the controlling principles of Trianon to this record, Metropolitan Dade County is immune from tort liability. See also Delgado v. City of Miami Beach, 518 So.2d 968 (Fla. 3d DCA 1988); Zieja v. Metropolitan Dade County, 508 So.2d 354 (Fla. 3d DCA 1987) (en banc) (Schwartz, C.J.; Baskin, Jorgenson, JJ., specially concurring).
NOTES
[1] Unlike the author of the concurring opinion, we see the issue in terms of foreseeability. Even though Dade County might have the "same common law duty as a private person to properly maintain and operate the property," Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912, 921 (Fla. 1985), the lack of foreseeability of the attack precludes liability on its part even before sovereign immunity considerations are reached.