549 So.2d 705 (1989)
Michael ODICE, Appellant,
v.
Harold PEARSON and Bernice Pearson D/B/a Pearsons Barbeque Restaurant, Appellees.
No. 88-1326.
District Court of Appeal of Florida, Fourth District.
September 13, 1989.
Rehearing and Rehearing denied October 26, 1989.
*706 Donald G. Criscuolo and Richard J. Feinberg, of Genet & Milner, North Miami Beach, for appellant.
Anthony A. Balasso, of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellees.
Rehearing and Rehearing En Banc denied October 26, 1989.
GARRETT, Judge.
Appellant appeals the final judgment entered on appellees' motion for directed verdict.
After purchasing food at appellees' restaurant, appellant was stabbed by an unknown third party. The attack took place in appellees' parking lot. Suit was brought alleging negligent lighting and security.
At trial, the judge excluded any reference to police reports concerning prior crimes committed off appellees' property. Appellant proffered that the reports showed many crimes had occurred in the general vicinity known to the police as a "high crime area."
We reverse. The trial court committed reversible error by limiting the issue of foreseeability to crimes occurring on appellees' property and the adjacent sidewalk. Such ruling directly affected appellant's ability to establish appellees' failure to foresee criminal activity and take the necessary reasonable precautions to guard against crime on or about the restaurant premises.
Whether evidence of prior crimes should be admitted to establish foreseeability of criminal activity is a question of relevancy to be determined on a case by case basis. Paterson v. Deeb, 472 So.2d 1210 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 8 (Fla. 1986); Lomillo v. Howard Johnsons Co., 471 So.2d 1296 (Fla. 3rd DCA 1985); Green Companies v. Divincenzo, 432 So.2d 86 (Fla. 3rd DCA 1983). While property lines might be a reasonable limitation of foreseeability for the owner of an Ocala ranch, the same limitation cannot reasonably apply to the owner of a building in a densely populated city like Fort Lauderdale.
Foreseeability is a jury question. In order for a jury to determine if a property owner took reasonable precautions to protect persons on or about the premises from foreseeable criminal activity, a plaintiff must be given the opportunity to establish the type of neighborhood where the incident took place. Isolating a particular property from its surrounding area forces a jury to decide the question of foreseeability in a vacuum, like telling the jurors a mugging took place outside a church named St. Patrick's and neglecting to say it's located in the midtown section of New York City.
Evidence as to the nature and likelihood of any crime occurring has a direct bearing on whether the preventive measures taken by the property owner were reasonable in light of all the other relevant facts and circumstances in the case.
REVERSED AND REMANDED FOR A NEW TRIAL.
HERSEY, C.J., and POLEN, J., concur.