613 So.2d 1356 (1993)
Scott HILL, Appellant,
v.
CITY OF NORTH MIAMI BEACH, Appellee.
No. 91-2334.
District Court of Appeal of Florida, Third District.
February 16, 1993.
*1357 Manuel R. Morales and James C. Blecke, Miami, for appellant.
Howard B. Lenard, City Atty. and Darcee S. Siegel, Asst. City Atty., for appellee.
Before FERGUSON, COPE and LEVY, JJ.
PER CURIAM.
Scott Hill appeals an adverse summary judgment entered in favor of the City of North Miami Beach (City). We reverse.
During the summer of 1990 Hill worked as a life guard at a pool located in Washington Park which was owned by the City of North Miami Beach. One day after work Hill went to a recreational facility, also located on park grounds, to play pingpong. Hill played one game and lost. He allowed a man, Alphaeus Dailey, to play a game. When Dailey lost, Hill asked him to give up the paddle so that Hill could challenge the winner. Dailey refused to give up the paddle and told Hill that he, Dailey, intended to continue to play. Hill touched Dailey's elbow and Dailey hit Hill in the face with a fist or elbow breaking Hill's jaw in two places.
Hill sued the City and alleged that as the owner of the park, the City owed a duty to invitees to keep the park reasonably safe from known dangerous conditions, in this case  Dailey. Hill claimed that City officials were on notice Dailey was dangerous and failed to adequately protect the safety of people in the park. The City filed a summary judgment motion claiming that it had no duty to protect Hill. The trial court granted the City's motion and entered a final summary judgment in favor of the City.
We do not agree that the city had no duty to protect Hill. When the City opened and began operating the recreational facility, it assumed "the common law duty to operate the facility safely, just as a private individual is obligated under like circumstances." Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002, 1005 (Fla. 1986); see also Butler v. Sarasota County, 501 So.2d 579 (Fla. 1986). Like a private landowner, the City had the duty to protect invitees from risks that are reasonably foreseeable. See Butler; see also Hall v. Billy Jack's, Inc., 458 So.2d 760, 761 (Fla. 1984); Gutierrez v. Dade County School Board, 604 So.2d 852 (Fla. 3d DCA 1992).
In the context of a public park, this court has said that "[a] landowner has a duty to protect an invitee on his premises from a criminal attack that is reasonably foreseeable... . The landowner's duty arises only when he has actual or constructive knowledge of similar criminal acts committed on his premises." Ameijeiras v. Metropolitan Dade County, 534 So.2d 812, 813 (Fla. 3d DCA 1988) (emphasis in original), review denied, 542 So.2d 1332 (Fla. 1989). Moreover, the Florida Supreme Court has said that "[f]oreseeability may be established by proving that a proprietor had actual or constructive knowledge of a particular assailant's inclination toward violence or by proving that the proprietor had actual or *1358 constructive knowledge of a dangerous condition on his premises that was likely to cause harm to a patron." Hall v. Billy Jack's, Inc., 458 So.2d at 761 (citation omitted).
On appeal, the City argues that it did not have notice of Dailey's dangerous propensities and therefore the danger to Hill was not foreseeable. Because the City moved for summary judgment, the record must be read in the light most favorable to plaintiff Hill. The record shows that two months previously, Dailey struck a park employee who was trying to close the recreation room. The employee called the police to eject Dailey. The record also shows that a summer supervisor was warned by a staff member, as well as children in the park, to stay away from Dailey because he caused trouble and got into fights.[1] The park had a procedure for temporarily or permanently suspending individuals from using the park in cases where there was serious misbehavior.[2] The gist of the plaintiff's position is that assaultive behavior from Dailey was foreseeable and that a suspension or other steps should have been taken for the protection of park users. We believe, for purposes of the summary judgment motion, these facts, taken in the light most favorable to Hill, the non-moving party, raise a genuine issue of material fact as to whether the incident was foreseeable and, if so, whether the City breached its duty of care. See Hall, 458 So.2d at 761-62; Nance v. Ball, 134 So.2d 35 (Fla. 2d DCA 1961). That is not to say that plaintiff will necessarily prevail at a trial, but only that the facts on which plaintiff relies were sufficient to survive the City's motion for summary judgment.
The City argues that this case is identical to Ameijeiras v. Metropolitan Dade County. We disagree. In Ameijeiras, a jogger was robbed and shot in a park. This court affirmed a summary judgment in favor of the county on the theory that the County was not liable because the incident was not reasonably foreseeable. In that case, the record showed that "no violent crimes were reported to Dade County in the two years prior to the attack...." 534 So.2d at 813. This court held that "[i]n the absence of proof that it had actual or constructive notice of similar criminal activity in Bird Drive Park, Dade County may not be held liable for the attack on Ameijeiras because, as a matter of law the attack was not foreseeable." Id. at 813-14 (footnote omitted).
In the present case the facts relied on by plaintiff were close in time to the attack on Hill, and the behavior known to park personnel was the same general type. Ameijeiras does not support the ruling below.
The City also relies on Dennis v. City of Tampa, 581 So.2d 1345 (Fla. 2d DCA), review denied, 591 So.2d 181 (Fla. 1991), but that case likewise is not controlling here. There a bicyclist negligently ran into someone walking on a park pathway. On the undisputed facts of the case, the city had taken such precautions as were appropriate in maintaining the pathway and posting speed limits for cyclists. The undisputed facts showed as a matter of law that the city had not breached its standard of care. Such is not the situation in the present case.
We reverse and remand.
NOTES
[1] Hill was a staff member who had recently begun work at the Washington Park pool. The record contains no indication Hill was aware of the problems park staff had with Dailey.
[2] For example, an individual who brought a firearm into the park was temporarily suspended from use of the park.