674 So.2d 843 (1996)
Nancy FOSTER and William Foster, Appellants,
v.
PO FOLKS, INC., etc., Appellee.
No. 95-327.
District Court of Appeal of Florida, Fifth District.
May 17, 1996.
Thomas M. Farrell, IV and Daniel P. Faherty of Cianfrogna, Telfer, Reda & Faherty, P.A., Titusville, for Appellants.
Mark Hektner of Behan, Hektner, Miller, Palm Beach Gardens, for Appellee.
W. SHARP, Judge.
Nancy and William Foster appeal from a final summary judgment entered against them, denying them any recovery against Po Folks, Inc., in a negligence suit. Nancy was injured in a 1992 robbery and assault on her, which took place in appellee restaurant's parking lot, in the evening. The trial judge granted summary judgment on the ground that there had been only one other crime against persons on the property, which occurred when a prior owner (Perkins) was operating the property in 1991. We reverse because we think there is a material factual issue posed by the record in this case, as to whether appellee could and should have reasonably foreseen that a criminal attack would be made on a customer, and therefore should have taken some security measures to forestall such an occurrence.
In November of 1992, Nancy and a friend stopped for tea at Po Folks, a restaurant located in Titusville, Florida, owned by the appellee. They left the restaurant at approximately 10:00 p.m. and walked to their cars located in the restaurant's parking lot. As they began to enter their cars, a man ran towards them, grabbed their purses, knocked Nancy to the ground and took her jewelry. In her complaint, Nancy also alleged that the restaurant was located in a high crime area, that appellee knew or should have known of the dangerous nature of the neighborhood, *844 that the premises owned and operated as a restaurant facility had been the site of previous criminal assaults similar to the one involving Nancy, that appellee failed to undertake any security measures to ensure the safety of its patrons, and that appellee should have known the area posed an unreasonable risk of harm to its patrons.
In ruling on the propriety of a summary judgment order in a negligence case such as this one, the appellate court must read the record in a manner most favorable to the plaintiff or nonmoving party. Moore v. Morris, 475 So.2d 666 (Fla.1985); Nicholls v. Durst, 579 So.2d 386 (Fla. 5th DCA 1991). Only if the appellate court determines there is no basis to conclude the criminal attack on a patron was foreseeable, should it affirm.
The owner or occupier of property has a duty to protect an invitee on his premises from a criminal attack that is reasonably foreseeable. Ameijeiras v. Metropolitan Dade County, 534 So.2d 812 (Fla. 3d DCA 1988), rev. denied, 542 So.2d 1332 (Fla.1989). See also Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla.1983), receded from on other grounds, Mobil Oil Corp. v. Bransford, 648 So.2d 119 (Fla.1995) (an innkeeper owes the duty of reasonable care for the safety of his guests); Reichenbach v. Days Inn of America, Inc., 401 So.2d 1366 (Fla. 5th DCA 1981), rev. denied, 412 So.2d 469 (Fla.1982) (an innkeeper may be liable if he fails to take reasonable precautions to deter the type of criminal activity which results in a guest's injury).
In Ameijeiras, the third district held that this duty arises only when the property owner or occupier has actual or constructive knowledge of prior similar criminal acts committed on his premises. In that case, Ameijeiras had been shot during an attempted robbery while jogging on a nature trail maintained by the county. There had been no violent crimes reported to the county in the two years prior to the attack on Ameijeiras and Ameijeiras had introduced no evidence that the county knew of the existence of any violent criminal activity on the nature trail. In these circumstances, the third district held that the attack on Ameijeiras was not reasonably foreseeable, as a matter of law. See also Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), disapproved on other grounds, Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla.1986) (to impose a duty upon a landowner to protect an invitee from criminal acts, the plaintiffs must allege and prove that the landowner had actual or constructive knowledge of prior, similar criminal acts committed upon invitees).[1]
In Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA 1991), dismissed, 589 So.2d 291 (Fla.1991), and disapproved on other grounds, Angrand v. Key, 657 So.2d 1146 (Fla.1995), the fourth district held that foreseeability is determined in light of all the circumstances of the case rather than by a rigid application of the mechanical rule requiring evidence of prior similar criminal acts against invitees on the property. In that case, the plaintiff's injuries resulted from a fight between two groups of individuals who had been drinking at a bar. The fourth district held that evidence of the bar's inadequate security and 58 police incident reports of problems at the bar, including crimes against persons, within the past 18 months, provided a basis for a finding of foreseeability and precluded a directed verdict in favor of the bar. In so doing, the fourth district noted that cases (such as Relyea), which hold that the defendant must have knowledge of prior, similar criminal acts in order to impose the duty to protect invitees from criminal acts of a third person, are not in accord with cases from the Florida Supreme Court such as Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla.1984), Allen v. Babrab, Inc., 438 So.2d 356 (Fla.1983) and Stevens v. Jefferson, 436 So.2d 33 (Fla.1983).
*845 In Hall, the plaintiff, a patron of a bar, was injured by another patron. The plaintiff sued both the patron and the bar and obtained a judgment against both. The second district affirmed as to the assailant but reversed the judgment against the bar. On review, the Florida Supreme Court held that the bar was required to protect its invitees from those risks which are reasonably foreseeable. The court noted that foreseeability may be established by proving that the proprietor of the bar had actual or constructive knowledge of a particular assailant's inclination towards violence or by proving that the proprietor had actual or constructive knowledge of a dangerous condition on his premises that was likely to cause harm to a patron:
A dangerous condition may be indicated if, according to past experience (i.e., reputation of the tavern), there is a likelihood of disorderly conduct by third persons in general which might endanger the safety of patrons or if security staffing is inadequate. These indicia are not exhaustive. If the lounge management knew or should have known of a general specific risk to Hall and failed to take reasonable steps to guard against that risk and if, because of that failure, Hall was injured, Billy Jack's may be shown to have breached its duty and may be held financially responsible for Hall's injuries. The question of foreseeability is for the trier of fact. Gibson v. Avis Rent-A-Car System, 386 So.2d 520 (Fla.1980).
458 So.2d at 762. See also Allen (specific knowledge of an individual's dangerous propensities is not the exclusive method of proving foreseeability); Stevens (foreseeability can be established by proving that a proprietor of a place of public entertainment knew or should have known of a dangerous condition on his premises likely to cause harm to a patron).
In Nicholls v. Durst, 579 So.2d 386 (Fla. 5th DCA 1991), this court cited Hall, Allen, Stevens and Holiday Inns, Inc. in reversing a summary judgment in favor of the bar owner. In that case, Nicholls had been abducted from the bar by a patron of the bar and was taken to a secluded area and sexually assaulted. Nicholls filed suit against the bar owner claiming that the bar had negligently maintained the premises by not providing adequate security measures to deter or prevent such criminal activity. The bar owner moved for summary judgment and the trial court granted the motion, finding that the criminal attack on Nicholls was not reasonably foreseeable. On appeal, this court found that there were genuine issues of material fact concerning the bar owner's actual or constructive knowledge that there was a likelihood of disorderly conduct by third persons which could endanger the safety of the bar's patrons, and that such likelihood was reasonably foreseeable. The evidence showed that the bar had a history of 15 to 20 prior disorderly or violent incidents, the police were called regarding many of these incidents, and the bar owner was aware of these incidents. The bar had neither a bouncer nor security personnel and never provided any security training to its employees. See also Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1981), approved, 433 So.2d 491 (Fla.1983) (management's knowledge of about 30 criminal incidents on motel premises, most of which involved burglary but some of which involved direct attacks on motel guests, was sufficient to establish the foreseeability of a criminal attack on a guest of the motel).
In the present case, Po Folks submitted an affidavit from its general manager, James Friedman, to the effect that no assaults, batteries, rapes or crimes against persons had occurred on the premises since Po Folks took over the restaurant on December 2, 1991. However, Po Folks had knowledge of a shooting incident in the parking lot which occurred in March 1990, when the restaurant was operated by Perkins. This shooting was in furtherance of a robbery. Po Folks also admitted that it knew of two incidents in the parking lot in which the windows of a vehicle were smashed and items stolen from the vehicles. There was also evidence that management had received complaints from customers regarding suspicious vehicles and suspicious persons in the parking lot but did nothing about these complaints.
*846 The police computer printout of calls dispatched to this location from the time Po Folks took over the restaurant until the attack on Nancy shows 37 calls. The printout lists the address for these 37 calls as "1538 So. Washington Ave. Sycamore." Po Folks is located at 1538 So. Washington Avenue in Titusville. The reference to Sycamore is not entirely clear although it falls below a listing for "INTER" which may refer to an intersection with Sycamore. Based on the affidavit and printout, these 37 calls appear to have been to the Po Folks address and not just in the vicinity.
Of these 37 calls, three were for accidents without injuries, one was for an abandoned vehicle, one was for a criminal mischief involving a vehicle and one was for an obscene/threatening telephone call. There were ten calls for "information," two calls for "property check," six calls for "special detail," and one call for "assisting other agency." It is not entirely clear to what these calls refer. However, the remaining twelve calls involved stolen property (four), suspicious persons (four), disturbance/fight (one), burglary of a vehicle (two), and suspicious vehicle (one). These calls involving theft and "suspicious" persons suggest that the theft and assault on Nancy in the parking lot was reasonably foreseeable.
Adding to the potential dangerousness of the parking lot where this particular crime occurred (as well as past criminal incidents), was the fact that there are no security cameras, no guards, and no window that looks onto the parking lot from the restaurant which would allow visual contact with the parking lot from the restaurant. After leaving the restaurant to return to the parking lot, a customer is on his or her "own." Whether this is reasonable depends on knowledge of what has occurred previously in that parking lot, at least. The record further established that Po Folks has a policy of escorting its employees to their cars in the parking lot at night, raising an inference management was aware of potential danger to its employees. Why not its customers?
In summary, we think the past criminal occurrences in this parking lot, known to appellee, plus the configuration of the parking lot in relation to the restaurant, create a material issue of fact as to foreseeability, which should not be resolved by summary judgment.
REVERSED and REMANDED.
PETERSON, C.J., concurs.
COBB, J., dissents with opinion.
COBB, Judge, dissenting.
The owner of a business, such as a restaurant, owes its customers a duty of due care to maintain its premises in a reasonably safe condition and this includes the duty to protect such customers from violent criminal conduct which is reasonably foreseeable. Stevens v. Jefferson, 436 So.2d 33 (Fla.1983); Lomillo v. Howard Johnsons Co., 471 So.2d 1296 (Fla. 3d DCA 1985); Odice v. Pearson, 549 So.2d 705 (Fla. 4th DCA 1989). This foreseeability requirement can be met by proving that the proprietor knew of or should have known of a dangerous condition on the premises that was likely to cause harm to a patron. Stevens, at 34. In other words, a business owner's actual or constructive knowledge, based upon past experience, that there is a reasonable likelihood of disorderly conduct by third persons in general which may endanger the safety of his patrons is sufficient to establish foreseeability. Stevens; Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla.1984). Evidence that patrons have in the past been the subject of criminal attack on the premises may establish a foreseeable risk of harm. Compare Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1981), aff'd, 433 So.2d 491 (Fla. 1983) with Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), overruled on other grounds, Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla.1986).
The plaintiff here failed to present any evidence from which a jury could lawfully find that the proprietor had actual or constructive knowledge of a reasonable likelihood that one of its customers would be criminally attacked on its premises. See Ameijeiras v. Metropolitan Dade County, 534 So.2d 812 (Fla. 3d DCA 1988), rev. denied, 542 So.2d 1332 (Fla.1989). The police *847 reports relied upon by the plaintiff reflect 37 police responses to calls emanating from the urban intersection where the restaurant is located between the time the proprietor took possession of the premises in December, 1991, and the time of the robbery and battery which forms the basis for this lawsuit, November 12, 1992. The fact that calls came from this intersection, which may well be the situs of a pay-phone, is no evidence of violent activity at the restaurant property. Only twelve of the 37 calls referenced specific criminal activity with the vast majority of these involving stolen property and suspicious person claims. None involved a criminal attack upon a patron or employee of the restaurant. Nevertheless, the majority opinion would authorize a jury to find that the restaurant was required to somehow prevent incidents such as this. This result effectively makes Po Folks an insurer of the safety of its patrons.
The business' general manager, Friedman, was aware of only two prior criminal incidents on the property and both involved breaking into cars. He knew of no assaults committed upon customers. The plaintiff relied upon a shooting incident committed in connection with a robbery which occurred in March, 1990, well before the defendant took possession of the premises. This shooting, which took place over 2½ years before the instant incident, is the sole documented incident of a criminal attack upon a person occurring on the property. It is more remote in time than the two-year period in Ameijeiras, where a summary judgment for the landowner was upheld.
This case is readily distinguishable from the cases relied upon by the majority, all being cases involving a history of repeated incidents of misconduct or violence such as occasioned the injury in litigation, thereby creating an arguable issue of foreseeability. See, e.g., Hall; Allen v. Babrab, Inc., 438 So.2d 356 (Fla.1983); Stevens; Nicholls v. Durst, 579 So.2d 386 (Fla. 5th DCA 1991). Clearly, there is no such history of robberies and assaults in the parking lot of the Po Folks restaurant in this case. The criminal attack on the plaintiff was not foreseeable and, as a matter of law, the defendant had no duty to take steps to prevent its occurrence. I would affirm.
NOTES
[1] In Relyea, the fourth district held that an attack on two female students was not reasonably foreseeable by the college where the proof showed that there had not been one serious crime against a person since the school was founded in 1963 and the reported incidents involved minor larcenies, minor automobile damage and miscellaneous incidents such as malicious mischief. The court held that these facts did not give rise to the foreseeability of violent assaults which in turn gave rise to a duty to protect the students.