689 So.2d 1267 (1997)
METROPOLITAN DADE COUNTY, Appellant,
v.
Krassimir IVANOV, Appellee.
No. 96-2376.
District Court of Appeal of Florida, Third District.
March 19, 1997.
Robert A. Ginsburg, Dade County Attorney, and Stephen A. Stieglitz, Assistant Dade County Attorney, for appellant.
Jeffrey A. Jacobs, Coral Gables, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
COPE, Judge.
Metropolitan Dade County appeals a final judgment awarding damages to plaintiff-appellee Krassimir Ivanov for injuries Ivanov received during a criminal assault in Calusa Park on Key Biscayne. We conclude that the County's motion for directed verdict should have been granted on the indistinguishable authority of Ameijeiras v. Metropolitan Dade County, 534 So.2d 812 (Fla. 3d DCA 1988), review denied, 542 So.2d 1332 (Fla.1989), which stated:
A landowner has a duty to protect an invitee on his premises from a criminal attack that is reasonably foreseeable. The *1268 landowner's duty arises only when he has actual or constructive knowledge of similar criminal acts committed on his premises. In the case before us, the record discloses that no violent crimes were reported to Dade County in the two years prior to the attack on Ameijeiras; Ameijeiras introduced no evidence that Dade County knew of the existence of violent criminal activity in Bird Drive Park. In the absence of proof that it had actual or constructive notice of similar criminal activity in Bird Drive Park, Dade County may not be held liable for the attack on Ameijeiras because, as a matter of law, the attack was not foreseeable.
534 So.2d at 813-14 (citations omitted; footnote omitted; emphasis in original). Plaintiff presented evidence of crimes which occurred in Crandon Park, a different park on Key Biscayne, but introduced no evidence regarding prior similar criminal activity in Calusa Park. Under Ameijeiras, plaintiff's evidence was insufficient to go to the jury.
It is unnecessary to reach the County's other points on appeal.
Reversed and remanded with directions to enter judgment for the County.