886 So.2d 305 (2004)
Karan WEISSBERG and Marty Weissberg, her husband, Appellants,
v.
ALBERTSON'S INC., Appellee.
No. 4D04-84.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
*306 Robert Garven, Coral Springs, and Charles A. Mancuso of Thomas & Pearl, P.A., Fort Lauderdale, for appellants.
Andrea L. Kessler and Wesley L. Catri of Catri, Holton, Kessler & Kessler, P.A., Fort Lauderdale, for appellee.
STEVENSON, J.
In this appeal, Karan and Marty Weissberg challenge the dismissal with prejudice of their negligence action against Albertson's Inc. Because the complaint properly alleged at least one cause of action, and could be amended to state a related cause of action, we reverse.
In February of 2003, Karan and Marty Weissberg filed a negligence suit against Albertson's Inc. The Weissbergs alleged that, on June 1, 2002, Karan was shopping at Albertson's when she was struck by a "powerized" shopping cart that had been provided by Albertson's. Albertson's filed a motion to dismiss for failure to state a cause of action, arguing that, in essence, the Weissbergs were seeking to hold it liable for a fellow shopper's negligent operation of the cart under the dangerous instrumentality doctrine and, by statute, such a shopping cart is not a dangerous instrumentality. The trial court granted the motion to dismiss and afforded the Weissbergs the opportunity to amend.
The amended complaint contained the following allegations of negligence:
7. ... Plaintiff, KAR[A]N WEISSBERG, was standing and/or walking on the floor of said premises in an area open to use for customers, when she was struck by a powerized shopping cart, a Mart Cart,... which was operated by an unnamed patron of Defendant.
8. Defendant was on actual notice of the injury and/or accident causing propensities of the Mart Cart as a result of the failure to comply with manufacturer's operating instructions.
9. Defendant, ALBERTSON'S was negligent, including but not limited to, negligently allowing a patron of Defendant to operate a powerized shopping cart without taking any precautions to determine if the patron of Defendant was trained in the operation of a powerized shopping cart, pursuant to the manufacturer's instructions, or able to operate *307 this powerized shopping cart in a safe and cautious manner, pursuant to the manufacturer's instructions.
10. Defendant, ALBERTSON'S, failed to provide safety warning devices, provided by the manufacturer, for the Mart Cart in question including safety flags and/or flashing safety lights.
11. The negligence of the Defendant, ALBERTSON'S, created a casual [sic] relationship between the actions of its unnamed customer, and the injuries and damages sustained by Plaintiff, KARAN WEISSBERG.
Again, Albertson's sought dismissal, raising the same arguments that resulted in dismissal of the original complaint. This time, the trial court dismissed the complaint with prejudice and final judgment was entered in favor of Albertson's. The trial court's ruling is subject to de novo review. See Atkins v. Topp Telecom, Inc., 873 So.2d 397, 398 (Fla. 4th DCA 2004).
Florida's dangerous instrumentality doctrine is a means by which to hold the owner of a motor vehicle vicariously liable for the negligence of the individual to whom the owner entrusted the vehicle. See Toombs v. Alamo Rent-A-Car, Inc., 833 So.2d 109, 110 n. 2 (Fla.2002). Moreover, as Albertson's has pointed out, section 768.093(2), Florida Statutes (2002), provides that a powered shopping cart is not, under certain defined circumstances, a dangerous instrumentality. The doctrine and the statute, however, are dispositive only of any attempt by the Weissbergs to hold Albertson's responsible for the negligence of the cart's operator.
First, the allegations of paragraph 9 of the amended complaint suggest that the Weissbergs are attempting to hold Albertson's responsible not for the negligence of the cart's operator, but for its own negligence in entrusting the cart. Admittedly, though, the amended complaint lacks necessary factual allegations regarding the precise nature or manner of Albertson's negligence in providing or entrusting the cart to the unnamed patron. Nonetheless, since Florida plainly recognizes a cause of action for negligent entrustment, see, e.g., Kitchen v. K-Mart Corp., 697 So.2d 1200, 1202 (Fla.1997), we find that such a theory/claim should not have been dismissed with prejudice and that the Weissbergs should be afforded an opportunity to amend. See Crews v. Ellis, 531 So.2d 1372 (Fla. 1st DCA 1988) (recognizing that dismissal with prejudice is appropriate only where the amendment process has been abused or it is clear that the deficiencies cannot be cured).
Second, the allegations of paragraph 10 of the amended complaint seek to hold Albertson's liable not for the negligence of the cart's operator, but for its own negligence under a premises liability theory. Such allegations adequately state a cause of action and should not have been dismissed.
Accordingly, we reverse the final judgment entered in favor of Albertson's. On remand, the Weissbergs' premises liability theory/claim should be reinstated and the Weissbergs afforded an opportunity to amend the allegations of their negligent entrustment theory/claim.
REVERSED and REMANDED.
GROSS and HAZOURI, JJ., concur.