898 So.2d 167 (2005)
John ORLANDO, Appellant,
v.
FEI HOLLYWOOD, INC., a Florida corporation d/b/a Club Body Tech and Eva Orlando, his wife, Appellees.
No. 4D03-3241.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
*168 Keith A. Schafer of Chikovsky, Ben & Schafer, Hollywood, for appellant.
John H. Richards and Warren B. Kwavnick of Cooney, Mattson, Lance, Blackburn, Richards & O'Connor, P.A., Fort Lauderdale, for Appellee-FEI Hollywood, Inc.
BERGER, WILLIAM J., Associate Judge.
This is an appeal from a final summary judgment for the defendant in a personal injury case. Plaintiff/appellant, John Orlando, alleged he was physically injured at defendant's gym when the patron next to him threw dumb bells to the floor. He alleged the resulting loud noise and the person's close proximity to him caused him to turn so suddenly to see if the weights were going to hit his feet (they did not) that his back "popped" and he fell, injuring himself. Orlando contended the gym was negligent by not providing adequate "maintenance, supervision and training for the safety of its patrons" and "negligently fail[ing] to instruct and/or train its patrons in the proper procedures to be utilized in working out with and in setting down the dumb bells."
The trial court granted the motion on the sole ground that a written release of liability appears in the membership contract Orlando signed. Orlando correctly argues the release is ambiguous and summary judgment should not have been entered on this ground. We affirm, nevertheless, based on the gym's alternative argument that on the undisputed facts, the gym did not breach any duty owed him.[1]
The standard of review for the entry of summary judgment is de novo. M.S. v. Nova Southeastern Univ. Inc., 881 So.2d 614, 617 (Fla. 4th DCA 2004). A party moving for summary judgment must show conclusively the absence of any genuine issue of material fact, and the court must draw every possible inference in favor of the non-moving party. If the evidence raises any issue of material fact, or if it tends to prove the issue, it should be submitted to the jury as a question of fact to be determined by it. Id.
The touchstone of a business owner's duty to protect its invitees against negligent injury from third parties is foreseeability. Warner v. Fla. Jai Alai, Inc., 221 So.2d 777 (Fla. 4th DCA 1969), cert. dismissed, 235 So.2d 294 (Fla.1970). In Warner, a jai alai patron was injured when a drunk patron pushed her to the floor. She sued the fronton for failing to control and supervise the facility and permitting the drunken patron to be present and push her. This court held the complaint failed to state a cause of action because it did not allege the fronton operator had actual or constructive knowledge of the risk posed by the specific intoxicated patron.
*169 Citing Warner, among other decisions, this court thereafter stated that a business owner is not liable in negligence for failing to prevent
a sudden, unexpected action by the tortfeasor where there was no prior indication that the tortfeasor was engaging in the type of conduct which caused the injury. Under such circumstances the business does not have actual or constructive knowledge of the existence of a dangerous condition, nor does it have any opportunity to correct it.
Kolosky v. Winn Dixie Stores, Inc., 472 So.2d 891, 894 (Fla. 4th DCA 1985).
In Warner and Kolosky, the plaintiffs were negligently injured by another. In such cases, the requisite knowledge on the part of the defendant/business operator concerned the risk posed by the particular tortfeasor. E.g., Heps v. Burdine's Inc., 69 So.2d 340 (Fla.1954); Warner, supra; Kolosky, supra; Cunningham v. City of Dania, 771 So.2d 12, 16 (Fla. 4th DCA 2000); Dennis v. City of Tampa, 581 So.2d 1345, 1350 n. 4 (Fla. 2d DCA 1991).
In cases where the injury resulted from a criminal or intentional act, the defendant's knowledge of past incidents at the premises by other persons in general may be sufficient. E.g., Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla.1984); Allen v. Babrab, Inc., 438 So.2d 356 (Fla.1983); Stevens v. Jefferson, 436 So.2d 33 (Fla.1983); Foster v. Po Folks, Inc., 674 So.2d 843, 844-45 (Fla. 5th DCA 1996); Dennis; Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA), dismissed, 589 So.2d 291 (Fla.1991), disapproved on other grounds, Angrand v. Key, 657 So.2d 1146 (Fla.1995).
Here, regardless whether the other patron acted carelessly or intentionally, Orlando failed to allege the gym knew or should have known the other patron posed a risk or there was ever a problem at the gym with anyone handling free weights.
Orlando fares no better if his complaint is broadly read under a theory of negligent entrustment; that is, he was injured by the other patron's misuse of free weights furnished by the gym. While Florida recognizes a cause of action for negligent entrustment, Weissberg v. Albertson's Inc., 886 So.2d 305 (Fla. 4th DCA 2004), this theory is predicated on "whether the harm was or should have been foreseeable by the person entrusting or delivering the [instrumentality] to another," Williams v. Bumpass, 568 So.2d 979, 981 (Fla. 5th DCA 1990), or stated another way, it "requires a showing that the entrustor knew or should have known some reason why entrusting the item to another was foolish or negligent." Mullins v. Harrell, 490 So.2d 1338, 1340 (Fla. 5th DCA 1986).
The supreme court has stated that "to bring a common law action for negligence in Florida, the `minimal threshold legal requirement for opening the courthouse doors' is a finding that a defendant's alleged action created a foreseeable `zone of risk' of harming others." Kitchen v. K-Mart Corp., 697 So.2d 1200, 1202 (Fla.1997)(emphasis in original). Orlando fails to meet this standard. When the complaint and record here are viewed in the light most favorable to him, there is no basis to conclude the other patron's harmful conduct was foreseeable by the gym. What occurred was "a sudden unexpected action" by that patron in dropping the weights close to Orlando's feet. On these undisputed facts, summary judgment was appropriate.
FARMER, C.J. and KLEIN, J., concur.
NOTES
[1] The gym did not raise the impact rule.