PER CURIAM.
 

 Heather Leitch was hit by a stray bullet at midnight on New Year’s Eve in downtown Delray Beach. At the time she was hit by the bullet, Leitch was having a glass of champagne in the outdoor section of a restaurant during “First Night Delray Beach 2006,” a family-friendly event organized and run by the city. The bullet was most likely fired into the air by a reveler from outside of the event. Leitch sued Delray Beach for its negligence in failing to warn her about stray bullets. The jury returned a verdict favorable to Leitch, but the trial court granted Delray Beach’s motion for directed verdict on the issue of duty. Leitch appealed. Because we conclude that, regardless of sovereign immunity,
 
 [1]
 
 the evidence failed as a matter of law
 
 *412
 
 to establish that a stray bullet at First Night Delray Beach 2006 was reasonably foreseeable, the trial court did not err in finding that Delray Beach did not owe a duty to warn Leitch of this possibility. Thus, we affirm.
 

 The existence of a duty is a question of law.
 
 McCain v. Fla. Power Corp.,
 
 593 So.2d 500, 502 (Fla.1992). “The duty element of negligence focuses on whether the defendant’s conduct foreseeably created a broader ‘zone of risk’ that poses a general threat of harm to others.”
 
 Id.
 
 Since the possessor of property is not an insurer of a visitor’s safety, the possessor is ordinarily under no duty to exercise any care to warn or guard against the harmful acts of a third party unless that third party’s harmful behavior is reasonably foreseeable.
 
 See
 
 Restatement (Second) of Torts § 344 cmt. f. Although there was testimony at trial that, in 1998 and 2003, stray bullets had struck individuals in downtown Delray Beach on New Year’s Eve, we hold that these prior accidental shootings were too remote in time and too infrequent to render the instant event reasonably foreseeable.
 
 See, e.g., Graham v. Langley,
 
 683 So.2d 1147, 1148 (Fla. 5th DCA 1996) (holding that car crashing through restaurant window and injuring patron was not foreseeable, explaining that something is foreseeable when “a specific incident occurs with such frequency that it may be expected to happen again”);
 
 Ameijeiras v. Metro. Dade County,
 
 534 So.2d 812, 813 (Fla. 3d DCA 1988) (holding that attack in a county-owned park was unforeseeable because no similar violent crimes were reported to have occurred there in the preceding two years).
 

 Because we affirm the directed verdict, we do not reach appellant’s arguments regarding insufficient damages for pain and suffering.
 

 Affirmed.
 

 STEVENSON, DAMOORGIAN and LEVINE, JJ., concur.
 

 [1]
 

 . "If no duty of care is owed with respect to alleged negligent conduct, then there is no
 
 *412
 
 governmental liability, and the question of whether the sovereign should be immune from suit need not be reached.”
 
 Pollock v. Fla. Dep’t of Highway Patrol,
 
 882 So.2d 928, 932 (Fla.2004).