BLACK, Judge.
Jennifer Bellevue sued Frenchy’s South Beach Café, Inc. (“Frenchy’s”), for personal injury damages that she sustained when she was attacked inside Frenchy’s premises by one or more intoxicated patrons who had been consuming alcohol there for several hours prior to “last call” when the attack occurred. Before trial, following a hearing on Frenchy’s motion in limine, the court ruled that only twelve of sixty prior incidents occurring in and around Frenchy’s would be admissible at trial. Benefitting from the court’s ruling, *642 Frenchy’s successfully advanced its principal defense that Frenchy’s was a family restaurant and that the attack on Ms. Bellevue was unforeseeable. The jury returned a verdict in favor of Frenchy’s. Because the trial court’s ruling as to the admissibility of the prior incidents was contrary to Florida law, we reverse.
I.Background
Frenchy’s is a popular restaurant and beach bar located in Clearwater just one block from the beach. On the night Ms. Bellevue was attacked she arrived at Frenchy’s just before it closed, planning to give a ride home to her roommate, Shelly Kneuer, one of the bartenders. Testimony at trial established that a family of tourists from Ireland (“the Irish family”) who had been drinking heavily and were rowdy and disorderly remained inside the restaurant. The only other people in the restaurant at this time were Ms. Bellevue’s friend Christopher Malek, a manager named Jonathan Kirby, and Ms. Kneuer.
Just prior to the fight that resulted in Ms. Bellevue’s injuries, words were exchanged between one of the Irish family members and Mr. Malek. The restaurant manager told Mr. Malek to let Ms. Kneuer, the bartender, handle the issue as he walked upstairs to begin his closeout routine for the night. This left Ms. Kneuer, a petite woman, as the only employee managing the escalating rowdiness. The verbal exchange intensified, and soon thereafter Ms. Kneuer was physically bumped or shoved by one of the Irish family members. Mr. Malek and Ms. Bellevue entered the fray, which became physically violent. By the time the police arrived, Ms. Bellevue had been severely beaten. The Irish family was arrested but subsequently jumped bail and left the country.
Ms. Bellevue filed suit against Frenchy’s for her injuries. The essence of the complaint is that Frenchy’s was on notice that its patrons had a propensity to become rowdy or violent and that it failed to maintain adequate security to protect its patrons.
II. Frenchy’s Motion in Limine
Prior to trial, Frenchy’s moved in limine to preclude Ms. Bellevue from introducing into evidence sixty incidents that occurred either in Frenchy’s or near its premises. Frenchy’s contended that these incidents were inadmissible because they were not similar crimes or were not probative of the issue of foreseeability. Ms. Bellevue argued that the incidents, which dated back four-and-a-half years prior to the subject attack, were relevant on the issue of whether the attack was reasonably foreseeable and whether Frenchy’s took reasonable measures to prevent the attack. The incidents were obtained either from police reports or from Frenchy’s management logs. It was Ms. Bellevue’s intention to elicit testimony from her security expert that based upon the volume and nature of these prior incidents, Frenchy’s was negligent in not taking adequate measures to protect against the type of attack suffered by Ms. Bellevue.
The court ruled that only those incidents “involving damage to persons or property” and “starting [on], ending [on], or involving the premises” would be admitted. As a result, only twelve of the sixty incidents were admitted. The court cited no case law in support of its ruling; however, the transcript of the motion in limine hearing reflects a misinterpretation of Florida law as to prior incidents which are probative of foreseeability.
III. Analysis
A. Case law
Generally, rulings on motions in limine are reviewed for an abuse of discre *643 tion. See, e.g., SourceTrack, LLC v. Ariba, Inc., 958 So.2d 528, 526 n. 2 (Fla. 2d DCA 2007). However, because the court’s ruling in this case was based upon an erroneous interpretation of the applicable case law, our review is de novo. See Sottilaro v. Figueroa, 86 So.3d 505, 507-08 (Fla. 2d DCA 2012) (citing Pantoja v. State, 59 So.3d 1092, 1095 (Fla.2011) (reviewing a trial judge’s ruling on a motion in limine)).
The issue of admissibility of prior incidents to establish foreseeability and risk of harm in this context has not been previously addressed by this district. As they did below, the parties have cited instructive case law from the Florida Supreme Court and each of the other four districts. These eases have produced a set of guiding principles.
The starting point is a trilogy of Florida Supreme Court cases: Hall v. Billy Jack's, Inc., 458 So.2d 760 (Fla.1984), Allen v. Babrab, Inc., 438 So.2d 356 (Fla.1983), and Stevens v. Jefferson, 436 So.2d 33 (Fla.1983). In each case, the plaintiff sued a bar or bar operator for injuries sustained during a criminal attack in or around the bar. Stevens and Allen hold that foreseeability may be established “by proving that, based on past experience, a proprietor knew of or should have recognized the likelihood of disorderly conduct by third persons in general which might endanger the safety of the proprietor’s patrons.” Allen, 438 So.2d at 357; accord Stevens, 436 So.2d at 35 (“A tavern owner’s actual or constructive knowledge, based upon past experience, that there is a likelihood of disorderly conduct by third persons in general which may endanger the safety of his patrons is also sufficient to establish foreseeability.”). The court in Hall further elucidated:
For[e]seeability may be established by proving that a proprietor had actual or constructive knowledge of a particular assailant’s inclination toward violence or by proving that the proprietor had actual or constructive knowledge of a dangerous condition on his premises that was likely to cause harm to a patron. A dangerous condition may be indicated if, according to past experience (i.e., reputation of the tavern), there is a likelihood of disorderly conduct by third persons in general which might endanger the safety of patrons or if security staffing is inadequate. These indicia are not exhaustive.
458 So.2d at 761-62 (citations omitted).
Recognizing and applying the holdings of Stevens, Allen, and Hall, the Fourth District concluded that “[fjoreseeability is determined in light of all the circumstances of the case rather than by a rigid application of a mechanical ‘prior similars’ rules.” Holiday Inns, Inc. v. Shelburne, 576 So.2d 322, 331 (Fla. 4th DCA) (citation omitted), dismissed, 589 So.2d 291 (Fla. 1991), and disapproved on other grounds, Angrand v. Key, 657 So.2d 1146 (Fla.1995).
While evidence of prior similar incidents [is] helpful, a rule limiting evidence of foreseeability to prior similar incidents deprives the jury of its role in determining the question of foreseeability. Although evidence of a violent crime against a person may be necessary initially to establish the issue of foreseeability, evidence of lesser crimes against both persons and property is also relevant and admissible to determining that issue.
Id. (citations omitted); accord Czerwinski v. Sunrise Point Condo., 540 So.2d 199, 201 (Fla. 3d DCA 1989).
In Shelburne, the plaintiffs were shot in the Rodeo Bar parking lot after they and others involved had been drinking at the bar. The defendant argued that in order to establish foreseeability, *644 the plaintiffs had to demonstrate that the owner had actual or constructive knowledge of “similar criminal acts against invitees on their property.” 576 So.2d at 331. The court rejected the argument and allowed into evidence fifty-eight offense reports pertaining to prior criminal incidents on the bar’s premises. In affirming the trial court’s ruling, the Fourth District stated that had the trial court excluded the fifty-eight offense reports at the Rodeo Bar, “the exclusion effectively would have prevented [the victims] from showing foreseeability through [the proprietors’] knowledge of their patrons’ dangerous and ‘disorderly conduct.’ ” Id. The court concluded that “a ruling limiting admissibility to those reports containing only similar criminal activity would be irreconcilable with the supreme court’s holdings in Stevens, Allen, and Hall.” Id. We agree with this statement of the law.
The First and Fifth Districts have also recognized and applied the holdings in Stevens, Allen, and Hall, as well as Shelburne. See Hardy v. Pier 99 Motor Inn, 664 So.2d 1095, 1097-98 (Fla. 1st DCA 1995); Foster v. Po Folks, Inc., 674 So.2d 843, 844 (Fla. 5th DCA 1996).
Frenchy’s relies heavily on a pair of Third District cases, Admiral’s Port Condominium Ass’n v. Feldman, 426 So.2d 1054 (Fla. 3d DCA 1983), and Ameijeiras v. Metropolitan Dade County, 534 So.2d 812 (Fla. 3d DCA 1988). The Admiral’s Port court concluded that the trial court erred in admitting evidence of “violent crime[s] which had occurred substantial distances away from the premises,” and generally that “[e]vidence of similar crimes committed off the premises and against persons other than the landowner’s invitees is not probative of foreseeability.” 426 So.2d at 1055. Admiral’s Port, decided in January 1983, is of questionable validity in light of the later decided Stevens, Allen, and Hall. The Ameijeiras court more specifically held that “[t]he landowner’s duty arises only when he has actual or constructive knowledge of similar criminal acts committed on his premises.” 534 So.2d at 813. Ameijeiras has been referred to as “an anomaly” given that “its requirement of similar acts in light of Hall, Stevens and Allen is not explained.” See Mulheam v. K-Mart Corp., No. 6:01-cv-523-Orl-31KRS, 2006 WL 2460664 (M.D.Fla. Aug. 23, 2006). Indeed, one year after writing the Ameijeiras opinion the Third District held that “knowledge of prior crimes — against both persons and property — is relevant to the issue of foreseeability, even if the prior crimes are lesser crimes than the one committed against the plaintiff.” Czerwinslci, 540 So.2d at 201. Further, it appears the Third District has narrowed the application of Ameijeiras to those cases involving a public park. See Hill v. City of N. Miami Beach, 613 So.2d 1356, 1357 (Fla. 3d DCA 1993).
We are also persuaded by the Fourth District’s opinion in Odice v. Pearson, 549 So.2d 705 (Fla. 4th DCA 1989), where the court reversed a final judgment in favor of the restaurant and remanded for a new trial, concluding that the trial court erred by excluding reference to police reports concerning prior crimes committed off the restaurant’s property. The court ruled that “[i]n order for a jury to determine if a property owner took reasonable precautions to protect persons on or about the premises from foreseeable criminal activity, a plaintiff must be given the opportunity to establish the type of neighborhood where the incident took place.” 549 So.2d at 706.
B. Application
The effect of the court’s ruling in this case was to preclude Ms. Bellevue *645 from introducing into evidence a substantial number of incidents that were relevant to the foreseeability issue, including (1) the night cook being stabbed in front of the restaurant after he got off work; (2) multiple instances of patrons being kicked out of the bar for harassing employees, being vulgar, being rude, threatening employees, or being so drunk they fell off of a bar stool; (3) patrons being kicked out for fighting; (4) patrons drunk and fighting on the deck; (5) a car being broken into in the parking lot; (6) a minor in possession of alcohol who was armed with a knife out front; (7) a near-fight between two patrons and a waiter; (8) multiple instances of having to stop serving alcohol to patrons because they were “out of control”; (9) multiple instances of drunk patrons being loud and vulgar or threatening; and (10) the police having to be called because two patrons were about to fight.
These incidents, sought to be introduced by Ms. Bellevue, are evidence of Frenchy’s knowledge of “a likelihood of disorderly conduct by third persons in general which may endanger the safety of the patrons.” Hall, 458 So.2d at 762.[1] The ultimate weight accorded those incidents in determining foreseeability is to be decided by the trier of fact — the jury in this case. See, e.g., id.
We cannot say that the court’s erroneous ruling was harmless. The sheer number of relevant but excluded events precludes such a conclusion based not only on the fact that the jury was deprived of knowing about the other incidents but also because Ms. Bellevue’s expert witness was prevented from discussing the incidents and providing an opinion based upon those incidents. It is “ ‘reasonably probable that a result more favorable’ ” to Ms. Bellevue “ “would have been reached’ by the jury” had the court applied the correct law in ruling on the motion in limine. Cf. Southstar Equity, LLC v. Chau, 998 So.2d 625, 681 (Fla. 2d DCA 2008) (quoting Damico v. Lundberg, 379 So.2d 964, 965 (Fla. 2d DCA 1979)). Additionally, Frenchy’s improperly took advantage of the court’s erroneous ruling by repeatedly casting Frenchy’s as a family restaurant. “ ‘[I]t is improper for a lawyer, who has successfully excluded evidence, to seek an advantage before the jury because the evidence was not presented.’” State Farm Mut. Auto. Ins. Co. v. Thorne, 110 So.3d 66, 74 (Fla. 2d DCA 2013) (quoting JVA Enters., I, LLC v. Prentice, 48 So.3d 109, 115 (Fla. 4th DCA 2010)).
IV. Conclusion
Because the jury is the ultimate arbiter, of foreseeability and, in this case, whether Frenchy’s was negligent in not providing sufficient security on the evening in question, it was entitled to consider evidence that “based on past experience, a proprietor knew of or should have recognized the likelihood of disorderly conduct by third persons in general which might endanger the safety of the proprietor’s patrons.” See Allen, 438 So.2d at 357; Shelburne, 576 So.2d at 331.
In reversing this case for a new trial, we are not mandating that all sixty incidents Ms. Bellevue listed should be admitted into evidence. Rather, the trial court must consider each incident based on the parameters of the case law set forth herein. The admissibility of a given incident should not be based on whether it occurred within the four walls of Frenchy’s or whether it *646 was similar to what occurred in this case. Rather, it must be based on whether or not the event put Frenchy’s on notice that the attack resulting in Ms. Bellevue’s injury was foreseeable.
Reversed and remanded for a new trial.
CASANUEVA, J., Concurs.
ALTENBERND, J. Concurs with opinion.

. In ruling on the motion in limine, the trial court admitted twelve incidents. We make no comment on the correctness of the court’s ruling as to those incidents. On remand, each incident sought to be introduced by Frenchy's must be reconsidered in light of this opinion.